Filed May 29, 1894.

---

No. 1,071.

MONNETT *v.* POTTS.

LANDLORD AND TENANT.—*Rent.—Contract to Till.—Excessive Rains.*—
A lessee of farm land was, by the terms of the lease, to pay cash rent equal to the value of a prescribed per cent. of crops raised, "and three dollars per acre for all meadow and ground left untilled." A twenty-five acre tract was seasonably plowed, but by reason of long continued and excessive rains it could not be, and was not seeded. A four-acre tract was wet land, but capable of being cultivated in an ordinary season. No effort was made to till this tract.
*Held,* that the lessee is not liable for three dollars per acre as to the twenty-five acre tract, but is so liable as to the other tract.

From the Jasper Circuit Court.

*S. P. Thompson,* for appellant.

DAVIS, J.—In January, 1891, appellant leased to appellee a quarter section of land in Jasper county, Indiana, under which lease appellee, as such tenant, held the land during the year 1892. The appellee was to pay for the premises cash rent, equal to the value of a prescribed per cent. of the corn, oats, rye, wheat, and buckwheat raised thereon, "and three dollars per acre for all meadow and ground left untilled."

The material part of the special finding of the trial court, so far as necessary in the determination of the question presented on this appeal, is as follows:

"That the defendant (appellee) broke for corn  *  *  * twenty-five acres, which he did not plant nor till, for the reason that it was too wet until after it was too late to plant; that there was another tract or piece of four acres, which the defendant did not till for the reason that it was swampy and too wet, making twenty-nine acres, which the defendant did not till; that the farming season of 1892, up to July 15, was unusually wet; that the land left untilled by defendant was low, wet land, but was susceptible of being cultivated, in any ordinary season, when the same is not submerged by unusual and continual rains."

As a conclusion of law on the foregoing part of the finding the court found:

"That the continued and excessive wet weather, during the farming season of 1892, was a sufficient excuse for the defendant not cultivating and tilling the 29 acres not tilled by him, and that the plaintiff is not entitled to recover any sum whatever from the defendant on account thereof."

Therefore, judgment was rendered in the trial court in behalf of appellant for all the rent due her under the terms of the contract for the year 1892, except as to said 29 acres, on which item judgment was pronounced in

favor of appellee.   Proper exception was reserved by appellant to the conclusion of law on the special finding of facts, and such error has been duly assigned in this court.

In this case there does not appear to have been any fraud or misrepresentation, and, so far as we are advised, the condition of the premises was open and obvious to the observation of appellee when the lease was entered into.   Where there is, under such circumstances, no warranty, express or implied, as to the condition of the demised premises, the tenant must determine for himself the safety and fitness of the premises for use and occupancy.   *Purcell* v. *English*, 86 Ind. 34 (37).

The landlord is under no legal obligation to keep the premises in condition for "proper use and enjoyment." *Estep* v. *Estep*, 23 Ind. 114.

In *Foster* v. *Peyser*, 9 Cush. 242 (247), the court says: "It is much better to leave the parties, in every case, to protect their interests themselves, by proper stipulations, and if they really mean a lease to be void, by reason of any unfitness in the subject for the purpose intended, they should express that meaning."

Whether he tilled or did not till any particular part of the premises, was, it seems, by the terms of the lease, left to the option of appellee.

It was provided in the lease that if he failed to till any part of the ground he was to pay rent therefor at the rate of $3 per acre, and for the ground he tilled he was to pay rent on the basis of a per cent. of the grain raised.

We assume that both parties knew the condition of the premises at the time the contract was entered into. The appellee elected to till twenty-five acres of the land in question in corn, and plowed the same in the preparation thereof for seed, but as to the remaining four acres

he did not attempt to till the same because it was swampy and too wet. As to this part of the ground which he did not till, he was under the terms of the contract to pay rent at the rate of three dollars per acre, but as to the ground which he tilled he was only required to pay rent equal to a prescribed per cent. of the corn raised on such ground. If he tilled the ground in a good and husbandmanlike manner, but failed, because of excessive rains, to raise corn thereon, he was not liable, under the contract, to pay $3 per acre for such land. In other words, he did not agree to pay $3 per acre for ground that he tilled on which corn could not be raised. If he had elected to not till the ground, he would have been liable for rent therefor at the rate of $3 per acre, or if he had tilled the same in an unskillful manner he would, perhaps, have been responsible in damages for a breach of the contract. In this case there was no neglect or failure on the part of appellee. It is not shown that he had any intention of tilling the four acres, and as there was no election to till the same, he must be held bound to pay rent therefor under the terms of the contract at the rate of $3 per acre, but, so far as the twenty-five acres are concerned, it must, we think, be conceded, that when the tenant elected to till the ground and faithfully performed his duty, he was not required, because of failure occasioned by excessive rains to make his tillage successful, to pay rent at the rate of $3 per acre. In other words, the landlord could not say if the harvest was bountiful that she would take rent on the basis of the amount of grain produced, and, on the contrary, if there should be a failure of crop on account of excessive wet weather, that she was entitled to $3 per acre. When the tillage of the ground was entered upon to the extent of plowing the same for corn, at the proper season of the year, the basis of the rental therefor became, and was,

fixed for that year,—unless there was some failure on the part of the tenant to faithfully prosecute the work.

We have not been favored with any brief in behalf of appellee, but, in our opinion, in the light of the principles hereinbefore enunciated, under the terms of the contract on the facts found, appellee is bound to pay rent for the four acres left untilled, at the rate of $3 per acre, and that as to the twenty-five acres which he ploughed for corn, the judgment of the trial court is correct.

Judgment reversed, with instructions to restate conclusions of law, and for further proceedings in accordance with this opinion.

Filed May 29, 1894.