SCHROECK v. REISS.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. CELLAR STEPS—LANDLORD'S RESPONSIBILITY FOR MANAGEMENT.
    The landlord who lets store and basement to tenant, who had exclusive possession and control thereof, is not liable to third persons for management of the cellar door covering steps from sidewalk to basement, though he lets the floors above the store to other persons.

2. SAME—COVERS AND RAILINGS.
    An ordinance providing that steps projecting beyond line of street and descending into cellar, where "same shall be covered," shall be inclosed with rails, with gate or chains across entrance, does not apply where steps are covered with a set of doors.

Appeal from trial term, New York county.

Action by Eva Schroeck, an infant, against Letta Reiss. From judgment dismissing complaint, and from an order denying motion for new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

C. G. F. Wahle, for appellant.
C. C. Nadal, for respondent.

VAN BRUNT, P. J. The defendant in this action, at the time of the accident in question, was, and had been for some years, the owner of the tenement house No. 276 East Third street, in this city, and which she had rented to various tenants. On the ground floor there was a store with two show windows and an entrance between them. Under this store there was a basement, to which a flight of steps descended from the sidewalk immediately under one of the show windows. These steps extended four feet six inches out from the wall of the house, and were covered by a set of wooden doors; and on each side of the doors there was an iron railing, but there was none in front of the steps. This store, basement, and entrance to the basement had been rented to one William Hartung, who had exclusive possession and control of them at the time of the accident. Located in the cellar to which these steps led was a bake oven, used by the occupant of the bakery above. On the 3d of April, 1896, the plaintiff resided, with her parents, at 274 East Third street. On the evening of that day the plaintiff, an infant of the age of 3 years and 7 months, in company with her mother, was on the street in front of her residence. While the mother stood and talked with a friend, the child wandered away without her noticing it, and fell down the flight of steps through one of the doors, which was standing open, and injured herself. One-half of the cellar door had been opened and left open at 7 o'clock that evening by an employé of Hartung, proprietor of the bake shop. The accident happened about 8 o'clock. It is claimed upon the part of the plaintiff—First, that the defendant was responsible for the management of this cellar door, because she had let only a portion of the building to the occupant of the store, the rest being used by her for tenement purposes; and, secondly, because the steps in question were not constructed and protected in the manner provided for by law.

It seems to be clear that the first ground is not well taken. It is true that the defendant let to Hartung only a portion of the premises; but the part of the premises let to him was the store and basement, over which he had the sole control, and upon which the defendant had no right to enter. The fact that she let other parts of the building to other tenants in no way gave her any authority over the premises let to Hartung. The case is entirely dissimilar, therefore, from those cases where the landlord has been held liable for the condition of the halls and passageways which were used in common by the various tenants of the building.

Neither does the claim that the construction of the steps and their protection were not in accordance with the provisions of section 342 of the Revised Ordinances seem to be well founded. That section reads as follows:

"Sec. 342. Every entrance or flight of steps projecting beyond the line of the street and descending into any cellar or basement story of any house or other building where such entrance or flight of steps shall not be covered, shall be inclosed with a railing on each side, permanently put up, from three to three

and a half feet high, with a gate to open inwardly, or with two iron chains across the entrance-way, one near the top and one in the center of the railing, to be closed during the night, unless there be a burning light over the steps, to prevent accidents, under the penalty of twenty dollars for each offense, to be recovered from the owner, assigns or lessee thereof, severally and respectively."

The evidence in this case shows that the steps were protected by an iron railing on the sides, and were covered by doors which opened upon hinges, but had no chains across in front. It will appear, upon reference to the ordinance, that those provisions of the law only apply to entrances to flights of steps which were not covered. The steps in question were covered by doors, which were sufficient and proper for the purpose. The ordinance evidently refers to open flights of steps, which it requires to be protected in the manner there indicated. It could never have been intended that, when the word "covered" is used, it was intended to refer to only those cases where the entrance or flight of steps was covered by a permanent covering, because the construction under those circumstances would be absolutely useless. The ordinance was intended to apply to flights of steps which could be used, and, when entrances and flights of steps which were covered were exempted, it is evident that the provision meant to exempt those flights of steps which were covered by movable coverings, by the raising of which the steps might be made of service in connection with the basement to which they led. There is no claim that either the construction of these cellar steps or the doors covering the same was improper, except so far as, under the construction of the ordinance claimed by the plaintiff, they were not in compliance with the provisions of section 342 above mentioned. There seems to have been no negligence, therefore, upon the part of the defendant in maintaining the stairway and the covering thereof; and, if anybody was guilty of negligence through which the accident happened, it was the occupant of the store in leaving the cellar door open when the stairs do not seem to have been in actual use. We think, therefore, that the judgment of the court below was right, in that there was no evidence of any negligence upon the part of the defendant.

The judgment and order should be affirmed, with costs. All concur.