EVA SCHROECK, by her Guardian ad Litem, JOSEPH SCHROECK, Appellant, v. YETTA REISS, Respondent.

*Negligence — injury from falling down steps leading into a basement — the owner is not liable where a cover is provided which is left open by the tenant — ordinances of New York city.*

An owner of a tenement house who rents a store on the ground floor of the premises and the basement under the same, giving the tenant the exclusive possession and control of the demised premises, is not responsible for the act of an employee of the tenant in leaving open a door covering the steps leading to the basement, in consequence of which a child falls down them in the evening and is injured.

Section 342 of the revised ordinances of the city of New York, directing the use of guard railings on flights of steps projecting beyond the line of the street and leading into a basement, where such flight "shall not be covered," does not apply to a flight of steps to cover the opening to which wooden doors are provided.

APPEAL by the plaintiff, Eva Schroeck, by her guardian *ad litem*, Joseph Schroeck, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 10th day of January, 1899, upon the dismissal of the complaint by direction of the court after a trial before the court and a jury, and also from an order entered in said clerk's office on the 3d day of January, 1899, denying the plaintiff's motion for a new trial made upon the minutes.

*Charles G. F. Wahle*, for the appellant.

*Charles C. Nadal*, for the respondent.

VAN BRUNT, P. J.:

The defendant in this action, at the time of the accident in question, was, and had been for some years, the owner of the tenement house No. 276 East Third street, in the city of New York, which she had rented to various tenants. On the ground floor there was a store with two show windows and an entrance between them. Under this store there was a basement to which a flight of steps descended from the sidewalk immediately under one of the show windows. These steps extended four feet six inches out from the wall of the

house and were covered by a set of wooden doors, and on each side of the doors there was an iron railing, but there was none in front of the steps. This store, basement and entrance to the basement had been rented to one William Hartung, who had exclusive possession and control of them at the time of the accident. Located in the cellar to which these steps led was a bake oven used by the occupant of the bakery above. On the 3d of April, 1896, the plaintiff resided with her parents at 274 East Third street. On the evening of that day the plaintiff, an infant of the age of three years and seven months, in company with her mother, was on the street in front of her residence. While the mother stood and talked with a friend the child wandered away without her noticing it and fell down the flight of steps through one of the doors which was standing open, and injured herself. One half of the cellar door had been opened and left open at seven o'clock that evening by an employee of Hartung, proprietor of the bake shop. The accident happened about eight o'clock.

It is claimed upon the part of the plaintiff, *first*, that the defendant was responsible for the management of this cellar door, because she had let only a portion of the building to the occupant of the store, the rest being used by her for tenement purposes; and, *secondly*, because the steps in question were not constructed and protected in the manner provided for by law.

It seems to be clear that the first ground is not well taken. It is true that the defendant let to Hartung only a portion of the premises; but the part of the premises let to him was the store and basement, over which he had the sole control and upon which the defendant had no right to enter. The fact that she let other parts of the building to other tenants in no way gave her any authority over the premises let to Hartung. The case is entirely dissimilar, therefore, from those cases where the landlord has been held liable for the condition of the halls and passageways which were used in common by the various tenants of the building.

Neither does the claim that the construction of the steps and their protection were not in accordance with the provisions of section 342 of the revised ordinances of the city of New York seem to be well founded. That section reads as follows : " Section 342. Every entrance or flight of steps projecting beyond the line of the

street and descending into any cellar or basement story of any house or other building where such entrance or flight of steps shall not be covered, shall be inclosed with a railing on each side, permanently put up, from three to three and a half feet high, with a gate to open inwardly, or with two iron chains across the entranceway, one near the top and one in the center of the railing, to be closed during the night, unless there be a burning light over the steps to prevent accidents, under the penalty of twenty dollars for each offense, to be recovered from the owner, assigns or lessee thereof, severally and respectively."

The evidence in this case shows that the steps were protected by an iron railing on the sides, and were covered by doors which opened upon hinges, but had no chains across in front. It will appear upon reference to the ordinances that those provisions of the law only apply to entrances to flights of steps which were not covered, The steps in question were covered by doors which were sufficient and proper for the purpose. The ordinance evidently refers to open flights of steps, which it requires to be protected in the manner there indicated. It could never have been intended that when the word "covered" is used, it was intended to refer to only those cases where the entrance or flight of steps was covered by a permanent covering, because the construction under those circumstances would be absolutely useless. The ordinance was intended to apply to flights of steps which could be used; and when entrances and flights of steps which were covered were exempted, it is evident that the provision meant to exempt those flights of steps which were covered by movable coverings, by the raising of which the steps might be made of service in connection with the basement to which they led. There is no claim that either the construction of these cellar steps or the doors covering the same were improper, except so far as under the construction of the ordinance claimed by the plaintiff, they were not in compliance with the provisions of section 342 above mentioned.

There seems to have been no negligence, therefore, upon the part of the defendant in maintaining the stairway and the covering thereof; and if anybody was guilty of negligence through which the accident happened, it was the occupant of the store in leaving the cellar door open when the stairs do not seem to have been in

actual use.   We think, therefore, that the judgment of the court below was right · in that there was no evidence of any negligence upon the part of the defendant.

The judgment and order should be affirmed, with costs.

PATTERSON, O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.