### OPPER v. HELLINGER et al.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

LANDLORD AND TENANT—DANGEROUS PREMISES—INJURIES TO THIRD PERSONS —LANDLORD'S LIABILITY.

Where a cellarway under a sidewalk was constructed by permission of the municipal authorities, and was provided with doors to completely cover it, it was not a nuisance, so far as the owner was concerned, and he was not liable for injuries sustained by a pedestrian who fell into it while it was uncovered, where the premises were under the exclusive control of a tenant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Ten- ant, § 674.]

Appeal from Trial Term, New York County.

Action by Emma Opper as administratrix against Leopold Hellinger and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before McLAUGHLIN, INGRAHAM, HOUGHTON, CLARKE, and SCOTT, JJ.

Carl Schurz Petrasch, of counsel (Henry S. Mansfield, on the brief), for appellant Hellinger.

Thomas J. O'Neill (James A. Shay, on the brief), for respondent.

CLARKE, J. The defendant Hellinger is the owner of the premises No. 802 Third avenue in the city of New York. The defendant Davega has occupied the store and basement of the said premises for at least nine years under a yearly lease. The complaint alleges as follows:

"That on or about August 3, 1905, while said Henry Opper, deceased, was lawfully passing on the highway in front of said premises, 802 Third avenue, he fell into an open and unguarded cellarway connected with said premises, and received physical injuries which caused his death, and the said injuries and death were caused without any negligence on his part, but solely by the negligence of the defendants, in that they both negligently, wrongfully, and in violation of the laws of the state of New York, and the ordinances of the city of New York then in force, maintained and conducted said cellarway in an unsafe, unguarded, and unprotected condition so that the same was open, and no protection was maintained to prevent passers-by from falling therein, and in that the doors thereon were unsafe and insufficient, as a result of all of which plaintiff's intestate fell into said cellarway and sustained the injuries which caused his death as aforesaid."

The defendant Hellinger in his answer alleged that the injuries complained of were caused wholly or in part by reason of Opper's own negligence, or by reason of the negligence of some person over whom this defendant had no control, and not by reason of any negligence on the part of this defendant, his agents, servants, or employés. He further alleged, upon an amendment allowed at the trial, that the defendant Davega was in the occupation, possession, and enjoyment of the store and basement referred to in the complaint; that the cellarway was appurtenant thereto; and that said Davega was responsible for the care and·conduct of the said portion of the premises, and not this defendant; and that said cellarway and its appurtenances were duly maintained and used by virtue of a license, right, or privilege duly obtained from, or conferred by, the municipal authorities of the city of New York, and were well built and free from dangers, and in good and safe condition. The defendant Davega in his answer alleged that the injuries sustained by the deceased were due to his own negligence, and not the result of the negligence of this defendant or any of his agents, servants, or employés. He did not amend his answer to set up the license from the city authorities, as did Hellinger. While the complaint is susceptible of interpretation as alleging a cause of action based either upon negligence or upon nuisance, the case seems to have been tried upon the theory of the erection and maintenance of a nuisance. The evidence tends to establish that the Third avenue opposite the premises in suit is 100 feet in width, that the roadway thereof is 60 feet in width, and that the sidewalk upon each side is 20 feet in width. The cellarway

opens from the street, and gives approach to the basement by a flight
of stone steps, and the opening does not project into the street more
than 5 feet from the building line, leaving 15 feet in width of clear
sidewalk. This cellarway is covered by what is called "four-fold iron
doors," which meet in the center of it when closed, secured by staple
and lock, the key of which is in the control of the defendant Davega.
The doors are so constructed that each of the two flaps are hinged in the
center thereof, so that when the doors are open each flap is folded over
upon itself and stands upon the sidewalk about 12 inches high, forming
when thus opened a guard to the open space upon the sides, consisting
of a triangle whose sides are the two halves of the two flaps of the side
of the door composed of iron. The accident occurred about half past
10 o'clock in the morning of a bright clear day. An employé of the
tenant Davega was on the cellar steps in the act of coming up when the
deceased fell into the cellar, striking the employé Schwartz, and then
falling upon the stone steps, receiving injuries from which he died. The
testimony as to the accident itself is conflicting. Plaintiff claims that
the deceased and his young stepson were walking up the street when
they saw two boys approaching them, between whom was a bulldog
held by a strap in the hands of each of the boys; that to avoid the bull-
dog, the deceased "side stepped" towards the store, tripped over the
iron doors, then in the position outlined as above, and fell into the cel-
lar. The defendants contend that there was no bulldog upon the street;
that the deceased was walking in a zigzag fashion up the street and
fell sideways and straight into the cellar, and that he did not trip over
the doors at all. As the testimony in regard to the method of falling
was conflicting, it was a pure question of fact for the jury. The jury
found a verdict in favor of the plaintiff and against both of the de-
fendants.

So far as the defendant Hellinger, the owner of the building, is con-
cerned, we can find no theory upon which the judgment against him
can be sustained. While the complaint pleads the violation of the
laws of the state of New York and the ordinances of the city of New
York, no law has been called to our attention, nor was any ordinance
proved, which Hellinger violated. The only ordinance put in evidence
was section 341, which provides that:

"No person nor persons shall conduct or continue any cellar door which
shall extend more than one-twelfth part of any street, or more than five feet
into any street, under the penalty of one hundred dollars for each offense."

It was affirmatively shown that this cellar door did not extend more
than one-twelfth part of the street nor more than five feet into the
street. It was shown that the cellarway was covered by permanent
iron doors which, when closed, formed a perfect protection; that the
cellarway and the doors had been in existence for upwards of 30 years;
that they were in common use in the city of New York; and that doors
of similar character were to be found upon every block of the Third
avenue for a mile on each side of the premises in question. The de-
ceased did not fall through the doors when they were closed. If they
had been closed the accident would not have happened. The control
of the doors was lodged exclusively in the defendant Davega. The cel-

lar stairs were in actual use by an employé of the tenant, who was proceeding up the stairs at the time of the accident. To enable him to get up the stairs into the street the doors had to be opened. Over the movements of this employé and the subsequent opening of the doors the owner of the building had no control.

The learned trial court charged the following propositions to the jury, without exception:

"The absence of a bar or chain across the front of the cellar doors and the absence of any railing at their sides did not create any liability on the part of the defendant Hellinger in this case."

The basis for this charge was undoubtedly the provisions of section 342 of the Municipal Ordinances, which provides that:

"Every entrance or flight of steps projecting beyond the line of the street and descending into any cellar or basement, store or any house or building where such entrance or flight of steps shall not be covered, shall be enclosed with a railing on each side permanently put up from three to three and one-half feet high, with a gate opening inwardly or with two iron chains across the entranceway near the top and one in the centre of the railing to be closed during the night unless there be a burning light over the steps to prevent accidents, under penalty of $20 for each offense to be recovered from the owner, assigns or lessee thereof, severally and respectively."

This ordinance was not formally put in evidence upon the trial, yet, nevertheless, its provisions seem to have been constantly in the mind of the court and of the parties, and to have been referred to from time to time. Indeed, a large amount of evidence was given by the plaintiff, the only purpose of which was to show that no railing and no chain, as provided in the ordinance, were in existence, and, upon constant objections being made thereto, finally, at the close of the plaintiff's case, the counsel for the plaintiff in the course of the discussion, said:

"To save all time I will consent that you say to the jury now or at any other time that the plaintiff does not base the charge of wrongdoing against the defendant upon the absence of a bar or railing in front or on the sides."

From the conduct of the case, we, therefore, have a right to consider this ordinance.

This court held, in Schroeck v. Reiss, 46 App. Div. 502, 61 N. Y. Supp. 1054:

"That those provisions of the law only apply to entrances to flights of steps which were not covered. The steps in question were covered by doors which were sufficient and proper for the purpose. The ordinance evidently refers to open flights of steps, which it requires to be protected in the manner there indicated. It could never have been intended that, when the word 'covered' is used, it was intended to refer to only those cases where the entrance of flights of steps was covered by a permanent covering, because the construction under those circumstances would be absolutely useless. The ordinance was intended to apply to flights of steps which could be used, and, when entrances and flights of steps which were covered were exempted, it is evident that the provision meant to exempt those flights of steps which were covered by movable coverings, by the raising of which the steps might be made of service in connection with the basement to which they led."

The court further charged:

"The cellarway in this case, when inclosed, was not a nuisance, and the defendant Hellinger had no control over its opening or closing. If the jury

find that the doors when closed were safe and secure, the defendant Hellinger is not liable. The consent of the municipal authorities to the construction of the cellarway and its appurtenances is to be inferred in this case. There is no evidence in this case which would justify a finding that the construction of the cellarway and its appurtenances was unlawful."

If those propositions are correct, as seems to have been conceded by the plaintiff, then the complaint should have been dismissed as against the defendant Hellinger.

These propositions have the support of the following cases: Jennings v. Van Schaick, 108 N. Y. 530, 15 N. E. 424, 2 Am. St. Rep. 459; Babbage v. Powers, 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; Jorgensen v. Squires, 144 N. Y. 280, 39 N. E. 373; Schroeck v. Reiss, supra; Brady v. Sheppard, 42 App. Div. 24, 58 N. Y. Supp. 674; Schubkegel v. Butler, 76 App. Div. 10, 78 N. Y. Supp. 644. It therefore appearing that this cellarway having been created by the permission of the municipal authorities, and as built was provided with doors which completely covered and protected it, it was not a nuisance so far as the landlord was concerned. As stated in Babbage v. Powers, supra, consent of the municipal authorities and a compliance with the provisions as to the method of construction—in this case, not extending five feet beyond the building line and being covered with doors—relieved the owner from the imputation of trespassing in doing the act consented to and places him in the position of one liable for negligence only. That negligence would be the leaving of the cellarway open and unguarded. As the landlord had no control of the cellarway, the act of the tenant by his employé, who was actually using the cellar steps and in order to do so had the doors open, could not be imputed to the owner.

We, therefore, think that the motion to dismiss as to the defendant Hellinger should have been granted. The judgment and order should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN, HOUGHTON, and SCOTT, JJ., concur.

INGRAHAM, J. I concur with Mr. Justice CLARKE in the reversal of this judgment. The case was tried throughout upon the assumption that the action was to recover for a nuisance and was not based upon negligence. The court instructed the jury that:

"Since this is an action for nuisance, it is not necessary for the plaintiff to show, in the first instance, the lack of contributory negligence on the part of the deceased. The deceased had a right to presume the street was safe. Of course, if his death was due to intoxication, and not to the alleged improper use of the premises, you will find for the defendants."

The question of plaintiff's contributory negligence, therefore, was not considered important by the court, because it was assumed that the action was based upon the maintenance of a nuisance. To justify a verdict against either defendant, therefore, it was necessary to prove that this stairway, covered as it was with an iron covering, was an authorized use of the public street. The length of time the cellar stairway, covered as it was, had been in use justified the presumption that

it was under a license by the municipal authorities. It was within the area line, and was, therefore, not a violation of section 341 of the Revised Ordinances, which seems to be the only ordinance to which reference was made in the testimony. There is, therefore, no evidence to justify a finding that any nuisance was maintained upon the premises. If this cellar stairway was negligently left unguarded, a cause of action would undoubtedly arise in favor of one injured, but that would only be against the person responsible for such negligence. Upon the theory under which the case was tried, this question of negligence was not presented, but upon no theory could the landlord be liable for a negligent use of this cellar stairway by the tenant.

In no aspect of the case, therefore, can it be said that there was any cause of action proved against the landlord or the tenant, and I think that the judgment against both defendants should be reversed, and a new trial ordered, with costs to the appellant to abide the event.