HANNAH E. TAYLOR *vs.* AUGUSTUS P. LORING & another, trustees.

Suffolk.    January 14, 1909. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, & BRALEY, JJ.

*Nuisance.*

In an action against the owner of a building on a city street, for personal injuries from stepping into an open ventilator in the floor at the side of the vestibule entrance to an office on the street floor of the building, which was about on a level with the sidewalk, it appeared that the defendant had leased the office and the basement under it to a tenant who had the entire care and management of the premises, and that the defendant only could be liable for the accident if the mode of construction of the vestibule made it a nuisance by reason of the use for which it was intended and to which it was put by the tenant in accordance with the plan and purpose of the defendant when he gave the lease, that the opening into which the plaintiff fell had a cover on hinges, which was raised at the time, but which, when closed, formed a part of the level floor of the vestibule, which was made of translucent glass laid in cement to light the basement below, that the opening did not lie in the line of travel to the doorway of the office or to any other point which persons had occasion to approach and was in a corner where no one needed to go, and, moreover, when the cover was raised, or possibly laid back, the opening was in a well lighted place where a person using due care hardly could fail to see it. *Held*, that there was no evidence of the maintenance of a nuisance on the part of the defendant; and that the defendant had no reason to expect such a use of the premises by the tenant as would make the opening and cover a nuisance or expose to danger persons lawfully resorting to the premises.

TORT for personal injuries received on May 29, 1905, from stepping into an open ventilator in the floor of the vestibule of the premises numbered 128 on Bedford Street in Boston in a building owned by the defendants. Writ dated June 14, 1905.

In the Superior Court the case was tried before *Harris*, J. There was evidence of the facts which are stated in the opinion. On page 284 is a reduced copy of a plan of the vestibule which was used at the trial and also at the argument before this court.

At the close of the evidence, the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*H. C. Joyner*, for the plaintiff.

*G. W. Buck*, for the defendants.

KNOWLTON, C. J. The defendants are the owners of a building on Bedford Street in Boston, including the numbers from

114 to 128 on the street. At number 128 is a tenement occupied by the Buildings Care Company, consisting of an office on the first floor and a basement. The floor of this office is about on a level with the sidewalk, and the entrance is through a vestibule, wholly within the line of the building, extending about nine feet on the line of the street, and being about four feet deep. From the middle of it a door of ordinary width opens into the office, and at the left hand side of the door, as one enters, there was, at the time of the accident to the plaintiff, a trap door that could be raised on hinges and opened back against the wall of the office, but which was closed at the time of the accident. In this trap door, near its rear left hand

SIDEWALK

corner, was a smaller opening about a foot square, which was intended to be used as a ventilator for the basement below, and the cover of this also was hung on hinges, so that it could be lifted up with the opening towards the interior of the building. There was evidence that it could be opened only so as to stand up on its hinges, but one witness testified that the cover could be laid over back upon the floor of the vestibule. On the opposite side of the door, near the right hand corner of the vestibule, there was another similar small cover opening on hinges, which had no connection with the accident. The whole floor of the vestibule and of the coverings was made of round translucent glass laid in cement, to light the basement below. The trap door and the coverings to these openings, when in place, made a perfect, smooth floor in the vestibule, and they were in perfect condition. While the cover of the left hand small opening was

open to ventilate the basement, the plaintiff, under circumstances which were in dispute as affecting her care, stepped into the opening and hurt herself. The premises were in the occupation of the Buildings Care Company under a written lease in which they covenanted to keep the premises in good repair and condition. The vestibule was constructed by the defendants before the tenants entered under this lease.

The defendants had nothing to do with the care and management of the premises at the time of the accident. The only ground for a contention that they were liable for the accident is that the mode of construction of the vestibule made it a nuisance by reason of the use for which it was intended and to which it was put by the tenants in accordance with the plan and purpose of the defendants when they executed the lease. *Clifford* v. *Atlantic Cotton Mills,* 146 Mass. 47. *Caldwell* v. *Slade,* 156 Mass. 84. *Mellen* v. *Morrill,* 126 Mass. 545. *Frischberg* v. *Hurter,* 173 Mass. 22. But there was no evidence on which such a fact could be found. The opening did not lie in the line of travel to the doorway or to any other point which persons had occasion to approach. It was in a corner where no one had any occasion to go. Moreover, when it was open, it was in a well lighted place where a person using due care could hardly fail to see it. If at any time there were conditions which made it dangerous, the defendants had a right to assume that the tenants would use it in such a way as would be safe, either by keeping it closed, or putting a barrier before it, or would otherwise protect those who might be in danger from it. The defendants had no reason to expect such a use of the premises by the tenants as would make the vestibule a nuisance or expose to danger persons lawfully using the premises.

*Exceptions overruled.*