FRED A. DIX *vs.* OLD COLONY STREET RAILWAY COMPANY.

Norfolk.      March 18, 1909. — June 22, 1909.

Present : KNOWLTON, C. J., HAMMOND, BRALEY, LORING, & SHELDON, JJ.

*Negligence*, Street railway, Due care of plaintiff.      *Street Railway*.

Although it is not the duty of a street railway company, across whose track an open trench has been dug by a contractor constructing a system of sewers under a contract with a town, to guard the sewer trench or to remove and replace barriers across its track to enable its cars to pass, yet if, on a dark night, its servants operating one of its cars, on coming to the trench, find a barrier across the track, and no one there to remove it, and thereupon remove the barrier and fail to put it back, leaving the trench unguarded, and a traveller riding a bicycle upon the track rides into the trench and is injured, in an action against the

street railway company for his injuries thus caused, there is evidence of negligence on the part of the defendant.

In an action against a street railway company for personal injuries from riding a bicycle in the evening upon a track of the defendant on a highway into a trench dug across the track, it being alleged that a servant of the defendant had removed a barrier guarding the trench and negligently had failed to put it back, there was evidence that it was a dark night, that the plaintiff was following at a distance a car of the defendant, and, when six hundred feet away, saw it pass over the place where the accident happened, that the trench crossed the track at right angles, was four or five feet wide, and had been dug by contractors who were constructing a sewer system under a contract with a town.  There were piles of dirt on both sides of the track and at the nearer and farther side of the trench.  The plaintiff testified that he was riding his bicycle on the track because it was better going on the stone pavement between the rails than it was outside where the sewer recently had been constructed and the street was rough. There was no barrier or light across the track when the accident happened. The evidence did not warrant a finding that there was a barrier on the nearer side of the trench before the car passed which the plaintiff saw when six hundred feet away, but there was evidence that there was a barrier with a lantern hung on it within about ten feet from the trench on the side away from the plaintiff before this car had passed, that this barrier was removed by a servant of the defendant and that it was not put back. *Held*, that there was evidence warranting a finding that the accident was caused by the failure to put back the barrier about ten feet from the trench on the farther side; *also*, that there was evidence that the plaintiff was in the exercise of due care.

TORT for personal injuries sustained by the plaintiff on the evening of October 3, 1902, when riding a bicycle on the portion of the highway between the rails of the defendant's single track on the easterly side of Bussey Street in the town of Dedham, as described in the opinion.  Writ dated December 4, 1902.

In the Superior Court the case was tried before *Fox*, J.  The plaintiff also brought an action against the contractors, who dug the trench into which he fell, and the two cases were tried together.

The first count of the plaintiff's declaration against the defendant railway company alleged the removal of, and the negligent omission by the defendant's agents and servants to replace, lanterns or barriers placed at or near the excavation.  The second count alleged that the defendant's grant of location required it to keep in repair so much of the street as lay between the rails and that its agents and servants negligently suffered it to be defective.

The findings warranted by the evidence are stated in the opinion.

At the close of the plaintiff's evidence the defendant railway company rested, and asked the judge to instruct the jury as follows :

" 1. Upon all the evidence which the jury properly may consider, the plaintiff cannot recover against this defendant.

" 2. There is no evidence that any breach of legal duty which this defendant owed the plaintiff caused or contributed to the plaintiff's injury.

" 3. The defendant company had a lawful right to operate its cars over the excavation on Bussey Street in which it is alleged the plaintiff fell, and to remove guards or barriers, if any, in the way of the passage of such cars. It was under no obligation to the plaintiff to replace such guards or barriers or the signals, if any, thereon."

" 6. It was the duty of the contractors who dug the excavation in the highway (1) as to the plaintiff, to use proper barriers and safe-guards to prevent him, if travelling on the highway in the exercise of due care, from falling into it; and (2) as to the defendant street railway company, to remove any such barriers for the passage of its cars in the lawful exercise of its franchise."

The judge refused to give these instructions.

He directed the jury to return a verdict for the defendant railway company on the second count. Upon the first count, he instructed the jury, in substance and so far as was material to the exceptions, as follows:

" The first count proceeds upon the theory that the servants of the defendant company, for whose acts within the scope of their duty, the company is of course responsible, — meddled with the barriers that were put there by somebody else, removed the barriers which were put there, and failed to replace them. This is substantially the theory upon which the first count proceeds, and that question I leave to you.

" The question is whether they did that, — and that is the only ground upon which the plaintiff can proceed against the street railway company, — that is, that the servants of the company finding the trench protected by barriers removed these barriers and left the trench unprotected and because of that the plaintiff sustained his injury. Now, unless you find this is so,

you must bring in a verdict for the defendant in the railway case.

" Trumbull and Company [the contractors] were under obligation to provide a reasonable barrier for the protection of the public against the pit which they were digging, to take reasonable precautions having regard to the time and place and the amount of travel, for the protection of the public; reasonable care to see that the barriers put up were maintained: and having regard to that duty, the duty of maintaining reasonable barriers for the protection of the public, it is proper for you to take into account the circumstances in this case that they knew that a railroad track was across this trench and that the barriers it put up would have to be removed from time to time in order to allow the cars to go through.

" In order to find for the plaintiff against the street railway company, you must be satisfied by the weight of the evidence that the excavation was left unguarded at the time the plaintiff fell into it, by reason of the fact that the servants of the railway company in running its cars over the excavation had failed to replace guards or signals which they found were protecting the trench."

The jury returned a verdict for the plaintiff against the defendant railway company in the sum of $4,000, besides returning a verdict against the contractors. The defendant railway company alleged exceptions.

*J. S. Allen, Jr.,* (*Asa P. French* with him,) for the defendant.
*E. Greenhood,* (*M. B. Holsberg* with him,) for the plaintiff.

LORING, J. The plaintiff, between 8.30 and 9 o'clock on a dark night in October, was riding a bicycle on Bussey Street in Dedham, down grade, toward East Dedham. As he came over the brow of a hill about six hundred feet away from Tracy Square he saw a car ahead of him, stopped in the Square. Tracy Square is formed by the junction of Bussey Street and Colburn Street, which run at right angles to each other. At this time he turned on to the defendant's track which lies on the left hand side of Bussey Street going south, as he was going. He testified that he did this because it was better riding on the stone pavement between the rails than it was outside where the sewer had been recently constructed and the street was rough.

He saw the car start. He then rode on, looking ahead, with his machine in control, going from six to eight miles an hour (he testified to six on cross-examination and to seven or eight on direct), and fell into an unguarded sewer trench four or five feet wide and running at right angles to the track, across the whole width of the track and further. How much further did not appear. There was no barrier or light across the track at that time. The trench was dug by contractors who were constructing a system of sewers under a contract with the town of Dedham.

The defendant asked the presiding judge to instruct the jury that it " had a lawful right to operate its cars over the excavation on Bussey Street in which it is alleged the plaintiff fell, and to remove guards or barriers, if any, in the way of the passage of such cars. It was under no obligation to the plaintiff to replace such guards or barriers or the signals, if any, thereon "; and that there was no evidence on which a verdict for the plaintiff could be found.

The plaintiff was allowed to go to the jury on the ground that the defendant's servants took away a barrier or barriers put there by somebody else to protect the trench, and negligently failed to put them back.

Exceptions were taken to the refusal to give the rulings asked for, and to the ruling given. The plaintiff had a verdict.

1. The presiding judge was right in refusing to give the first of the two rulings asked for by the defendant. It is true that the defendant was not under the duty of guarding the sewer trench constructed by contractors for the town. *Leary* v. *Boston Elevated Railway*, 180 Mass. 203. *Hyde* v. *Boston*, 186 Mass. 115. Nor was it under the duty of removing and replacing barriers across its tracks to enable its cars to pass. *Boston* v. *Coon*, 175 Mass. 283, 284, 285. *Prentiss* v. *Boston*, 112 Mass. 43.

But it does not follow from this that the defendant would not be liable if its servants in charge of one of its cars, on coming to the trench and finding a barrier across its tracks and no one to remove it, removed the barrier and did not put it back, leaving the trench unguarded. In such a case the town or its contractors have not done the duty they owed to the railway company to remove and replace the barriers they put up, when

necessary to enable the defendant's cars to pass.  For that reason the railway company had to do something which it ought not to have had to do.  But if the railway company undertook to do what it ought not to have been forced to do, it is bound to exercise due care, and, if it does not, it is liable for injury caused by its negligence.  *Phinney* v. *Boston Elevated Railway*, 201 Mass. 285.  The situation is not unlike that of a landlord who is not bound to make repairs.  He is not liable for not making them, but if he voluntarily undertakes to make them and makes them negligently he is liable.  *Gill* v. *Middleton*, 105 Mass. 477.  *Galvin* v. *Beals*, 187 Mass. 250, 252, 253.

2. It is at least doubtful whether the evidence warranted a finding that there was a barrier on the north of the trench before the car passed which the plaintiff saw when at the brow of the hill, six hundred feet away.  But the evidence did warrant a finding that there was a barrier with a light on it within about ten feet of the trench on the south side of it before this car passed, and that it was removed by one of the defendant's servants and not put back.  The defendant has argued that the removal of a barrier south of the trench could not have caused the injury.  On the uncontradicted evidence there were piles of dirt on both sides of the track and across the trench on each side of it.  We are of opinion that the jury were warranted in finding that a traveller in the exercise of due care would not have ridden between these piles of dirt when the exit was barred by a barrier running across it some ten feet away, on which a lantern was hung.  If that be true, a finding was warranted that the accident was caused by the removal of the barrier on the south side of the trench.

3. We are of opinion that there was evidence that the plaintiff was in the exercise of due care.

The accident happened at night, and the jury were warranted in finding that it was a dark night.  In this respect the case is like *Torphy* v. *Fall River*, 188 Mass. 310.

The defendant relies on *MacFarlane* v. *Boston Elevated Railway*, 194 Mass. 183.  But in our opinion that case falls on the other side of the line.  That was a case where the plaintiff was riding in the daytime and the whole situation was apparent to him.  He rode between the rails of a track raised a foot above

the surface of the street on each side of it, past barriers on one side and a red flag on the other, and where the other side of the street was left entirely open for travel. In the case at bar there were piles of dirt on each side of the track, occupying practically the whole of Bussey Street, and although he could have gone around them by going outside the side lines of Bussey Street through Colburn Street, yet his direct route lay along Bussey Street, and that part of Bussey Street on which the defendant's tracks were laid apparently was open. He had seen it used within a few minutes by one of the defendant's cars. It is true that if he had stopped to think he would have known that a car could pass over a hole when he could not. But whether he ought to have stopped to think and whether he ought to have thought of the possibility of there being a hole there was for the jury.

*Exceptions overruled.*