## REYNOLDS v. KING et al.

(Supreme Court, Appellate Term. December 22, 1911.)

LANDLORD AND TENANT (§ 167*)—DANGEROUS PREMISES—INJURY TO THIRD PERSONS—LANDLORD'S LIABILITY.

    Where a cellarway under the sidewalk was covered with iron doors, which were in perfect condition, and safe so long as closed, and the doors were under the control of a tenant, the owner was not liable for injuries received by a pedestrian because of the falling of the doors, which the tenant opened and left insecurely fastened.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 672; Dec. Dig. § 167.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Mary Reynolds against Samuel King and others. From a judgment for plaintiff, defendant King appeals. Reversed as to the appealing defendant.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

James I. Cuff, for appellant.

Frank X. Sullivan, for respondent.

GIEGERICH, J. The action is brought to recover for personal injuries sustained by the plaintiff through the fall of a door, which formed part of the covering of the entrance from the sidewalk to the cellar of certain premises in the borough of Manhattan, New York City. She joined, as defendants, the owner of the building and the tenant of the cellar, and recovered judgment against both.

It appears that the tenant, having occasion to go into the cellar, opened the two iron doors, which formed the cover to the stairway, and left them standing upright, but hooked together by an iron bar. While the plaintiff was standing on the sidewalk beside the cellar entrance, both doors fell from their upright position to the sidewalk, and she was struck by the one nearest to her. It is not questioned that the doors, when closed, formed part of the sidewalk, and were entirely sufficient for that purpose; but it is urged that the landlord, by failing to provide a device which would have held them securely in position when open, was chargeable with the maintenance of a nuisance, and was therefore properly held liable.

I do not think the contention sound. There was nothing the matter with the doors, so long as they remained closed. When and how they should be opened, and whether, when opened, they should be left upright, or laid back flat, and, if upright, how they should be guarded, were matters entirely within the control of the tenant. In the present case, he chose to leave them standing upright and insecurely fastened, and the injury is chargeable solely to his negligence. Opper v. Hellinger, 116 App. Div. 261, 101 N. Y. Supp. 616.

The judgment, as against the defendant King, should be reversed, with costs, and judgment directed dismissing the complaint, as against him, upon the merits, with costs, since the record shows that no judgment could properly be taken against him upon a new trial. All concur.