## DAMMEYER ET AL. *v.* VORHIS.

[No. 9,076.   Filed October 13, 1916.   Rehearing denied December 22, 1916.]

1. LANDLORD AND TENANT.—*Injury to Pedestrian.—Liability of Landlord.—Doors in Sidewalk.—Guarding Opening.*—In an action for injuries received by a pedestrian falling into a cellarway leading from the sidewalk to the basement of a leased building, the landlord is not liable for negligence in not guarding the opening over the cellarway where the tenant in possession left open the iron grating covering it, nor for failure to provide stops or blocks which would hold the grating in a perpendicular position when raised, thus affording a partial guard to the opening. p. 430.

2. LANDLORD AND TENANT.—*Repairs to Premises.*—It is not the duty of the landlord to keep the leased premises in repair, in the absence of an agreement with the tenant to that effect. p. 431.

3. LANDLORD AND TENANT.—*Injury to Pedestrian.—Nuisance.— Opening in Sidewalk.*—Where, in an action by a pedestrian for personal injuries received by falling into an unguarded cellarway leading from the sidewalk to the basement of a building, the right of recovery is predicated on the theory that the cellarway was a nuisance when the cover was raised, but it was not contended that, during the ownership of the landlord, the cellarway and doors were not properly constructed or not in good condition, and that the sidewalk was not safe when the doors were closed, the premises did not constitute a nuisance *per se*, but became so by the act of the tenant in leaving the doors open. p. 431.

4. LANDLORD AND TENANT.—*Opening in Sidewalk.—Duty of Tenant.* —Where doors which cover a cellarway leading from the sidewalk to the basement of a leased building are raised, it is the duty of the tenant in possession to guard the opening. p. 431.

5. LANDLORD AND TENANT.—*Injuries to Third Persons.—Liability of Landlord.—Nuisance.*—Where property, at the time it is leased, is not in such a condition as to constitute a nuisance in and of itself, but becomes so only by the act of the tenant in possession, and injury to a third person occurs during such possession, the owner is not liable; but where the owner leases premises which are a nuisance in and of themselves, or must, from their nature, become so by use, and the owner receives rent, he is liable, regardless of whether he is in possession, for injuries to third persons flowing from such negligence. p. 433.

6. APPEAL.—*Bill of Exceptions.—Certificate of Judge.—Sufficiency.* —The evidence is properly in the record even though the certificate of the trial judge to the bill of exceptions fails to show that

he examined the bill before allowing and signing it, since the presumption is that he did so, and the sufficiency of the certificate is not affected by the failure to recite the fact therein. p. 434.

From Marion Superior Court (85,729); *John J. Rochford,* Judge.

Action by Mollie Vorhis against Charles G. Dammeyer and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Hooton & Hack,* for appellants.
*White & Jones,* for appellee.

McNUTT, J.—This was a suit by appellee against appellants and also one Stark for personal injuries alleged to have been received by her in falling into a cellarway leading from a sidewalk to a basement of a building in the city of Indianapolis, on the night of September 28, 1911. The cause was tried upon a second amended first paragraph and a second paragraph of complaint.

A demurrer to the second paragraph of complaint, for want of facts, was overruled, and this action of the court and the overruling of appellants' motion for a new trial are assigned as errors in this court.

The second amended first paragraph of complaint charges, in substance, that appellants were the owners of said building and rented the first floor and basement of the same to said Stark; that under said building was a basement which was reached by a stairway leading from an opening in the sidewalk along the side of the building, which covered almost the entire width of said walk and was used by said Stark to enter said basement, all of which was known to said owners; that said owners had provided and maintained iron grating doors over said opening which had to be lifted and laid back to a point beyond the perpendicular to gain access to the basement; that said owners negligently failed to provide any guard or light around said opening and that a guard could have been erected

to protect pedestrians against injury when said cellar doors were open; that said Stark opened said doors on said night and negligently failed to provide any guard or danger signals and while they were open appellee fell into the opening and down the stairway and received the injuries for which she sues.

The second paragraph of complaint is similar to the second amended first paragraph and, in addition, alleges that said owners knowingly and negligently permitted said iron grating doors to become out of repair, in this, that the stops or blocks which formerly had been on the side of the building against which said doors rested when open, were allowed to become insufficient for said purpose; that when such blocks were not upon the side of said building, the doors, when open, instead of standing perpendicular, and thus forming a guard about the opening, would lie almost flat upon the sidewalk, in which position they formed no guard or protection; that when said doors were raised the opening constituted a highly dangerous place, and was a nuisance, as said walk was much used by the public, all of which was known to said owners.

As will be seen, the second amended first paragraph of complaint seeks to hold appellants liable as owners of the building for their failure to provide a guard or light around said opening, when the doors were raised or open; and said second paragraph seeks to hold appellants liable, as owners of the building, for negligence, in knowingly permitting the blocks, formerly on the side of the building, which held the doors nearly upright when open, to become out of repair and ineffectual for the purpose, and that, when the doors were open, they, and the opening, constituted a nuisance.

It is not contended by appellee, in either paragraph of the complaint, that the doors over the cellarway were not properly constructed or were not in good condition or that the walk over them was not safe for use by the public,

when the doors were closed. It is not disputed that Stark was a tenant in possession at the time of the injury, nor is it disputed that he left the cellar doors open and failed to guard the opening. For this negligence the tenant is liable, it being shown that appellee's injury was caused thereby.

The only negligence charged against appellants, in the second amended first paragraph of the complaint, is their failure to guard the opening, when the doors were 1. open. Appellants were not negligent in this regard, as will hereinafter appear by the authorities cited, and as appellee admits by her failure to cite any authority, or to contend otherwise, in her brief; and it follows, in our opinion, that appellants were not negligent, as charged in the second paragraph of complaint, in their failure to provide the block on the side of the building, which, at best, could furnish only a partial guard to the opening.

But the second paragraph of the complaint not only charges appellants with negligence in failing to provide the blocks on the side of the building, but charges "that when said guard or cover over said opening was raised, said opening and the cover thereof constituted a highly dangerous place, and the same was a nuisance." It is not charged in said second paragraph of complaint that appellants, in the construction and maintenance of said stairway and covering, violated any statute of this state or any ordinance of said city, so if they are to be held guilty of maintaining a nuisance they must be so held under the common law. We have examined all the authorities cited by appellee, which hold the landlord liable in such cases, and find them to be cases where the doors or covering to the entrance were either not properly constructed or had been allowed to become defective and were in such condition as to constitute a nuisance *per se,* at the time of the letting, except cases where the landlord had agreed to keep the premises in repair. In the later cases we find none holding that

such an opening is a nuisance, when properly covered, and the covering is in good condition.

In the instant case there is no charge in the complaint that appellants agreed to keep the leased premises in repair, but appellee proceeds on the assumption that such 2. was their duty. Such assumption is unwarranted as that duty rested upon the tenant under the allegations of the complaint. *Purcell* v. *English* (1882), 86 Ind. 34, 44 Am. Rep. 255; *Monnett* v. *Potts* (1894), 10 Ind. App. 191, 37 N. E. 729; *Lake Erie, etc., R. Co.* v. *Maus* (1898), 22 Ind. App. 36, 51 N. E. 735; *Hanson* v. *Cruse* (1900), 155 Ind. 176, 57 N. E. 904.

Since it is not contended otherwise than that the cellarway and doors were properly constructed, were in good condition, and that the walk over the doors was safe 3. when the doors were closed, during all the time appellants owned the building, it cannot be held that the premises constituted a nuisance *per se*, but became so by the act of the tenant in leaving the doors open. Under the facts alleged in the complaint, the question of duty to repair and negligence in failing to repair does not 4. arise, but the only question is as to the duty to guard the opening when open. This duty, we must hold, devolved upon the tenant.

In the case of *Joyce* v. *Martin* (1887), 15 R. I. 558, 10 Atl. 620, it is held: "Where property is demised and at the time of the demise is not a nuisance, and becomes so only by the act of the tenant while in his possession, and injury happens during such possession, the owner is not liable". The above case is followed in the case of *Adams* v. *Fletcher* (1890), 17 R. I. 137, 20 Atl. 263, 33 Am. St. 859 and *Henson* v. *Beckwith* (1897), 20 R. I. 165, 37 Atl. 702, 38 L. R. A. 716, 78 Am. St. 847.

In *Schroeck* v. *Reiss* (1900), 61 N. Y. Supp. 1054, 46 App. Div. 502, it is held that a landlord who lets a store and basement to a tenant, who had exclusive possession and

control thereof, is not liable to third persons for management of the cellar door covering steps from sidewalk to basement.

In *Opper* v. *Hellinger* (1906), 101 N. Y. Supp. 616, 116 App. Div. 261, it is held that where a cellarway under a sidewalk was constructed by permission of the municipal authorities, and was provided with doors to completely cover it, it was not a nuisance, so far as the owner was concerned, and he was not liable for injuries sustained by a pedestrian who fell into it while it was uncovered, where the premises were under the exclusive control of the tenant.

In *Duffin* v. *Dawson* (1905), 211 Pa. St. 593, 61 Atl. 76, it is held that where a person is injured by the tilting of a cellar door, and it appeared that the accident was caused by reason of the door to the cellarway not being properly closed, and not because of any defect in the construction of the door, the remedy is against the tenant in possession and not against the owner.

In *Frischberg* v. *Hurter* (1899), 173 Mass. 22, 52 N. E. 1086, it is held that the owner of premises occupied by a tenant, and which the owner has not agreed generally to keep in repair, is not liable for injuries caused to a third person by falling into a coal-hole on the premises through the neglect of the tenant to fasten the cover, which of itself is in good condition.

In the case of *Taylor* v. *Loring* (1909), 201 Mass. 283, 87 N. E. 469, 470 the court said, on page 285: "The defendants had nothing to do with the care and management of the premises at the time of the accident. The only ground for a contention that they were liable for the accident is that the mode of construction of the vestibule made it a nuisance by reason of the use for which it was intended and to which it was put by the tenants in accordance with the plan and purpose of the defendants when they executed the lease. * * * If at any time there were conditions which made it dangerous, the defendants had a right to

assume that the tenants would use it in such a way as would be safe, either by keeping it closed or by putting a barrier before it, or would otherwise protect those who might be in danger from it. The defendants had no reason to expect such a use of the premises by the tenants as would make the vestibule a nuisance or expose to danger persons lawfully using the premises.

In *Reynolds* v. *King* (1911), 74 Misc. Rep. 439, 132 N. Y. Supp. 273, it is held that where a cellarway under the sidewalk was covered with iron doors, which were in perfect condition, and safe so long as closed, and the doors were in control of the tenant, the owner was not liable for injuries received by a pedestrian because of the falling of the doors, which the tenant opened and left insecurely fastened.

In *Fisher* v. *Thirkell* (1870), 21 Mich. 1, 4 Am. Rep. 422, it is held that where there is no provision in a lease in regard to injuries, it is the duty of the person having control of the premises to keep a scuttle in a sidewalk in repair; and the owner of the premises will not be held liable for injuries caused by neglect to keep the scuttle in repair, if it was in good condition when possession was given under the lease.

The principal question involved in this case has not been decided by either of the Indiana courts, but from an examination of the many authorities from other jurisdictions, we feel warranted in stating the rule to be that: where property is leased, and at the time is not in such a condition as to constitute a nuisance in and of itself, but becomes so only by the act of the tenant while in possession, and injury occurs during such possession, the owner is not liable; but where the owner leases premises which are a nuisance in and of themselves or must, in the nature of things, become so by their use, and receives rent, then, whether in possession or out, he is liable. In

addition to the above authorities, see *Owings* v. *Jones* (1856), 9 Md. 108; *Martin* v. *Pettit* (1889), 117 N. Y. 118, 22 N. E. 566, 5 L. R. A. 794; *Babbage* v. *Powers* (1891), 130 N. Y. 281, 29 N. E. 132, 14 L. R. A. 398; *West Chicago, etc., Assn.* v. *Cohn* (1901), 192 Ill. 210, 61 N. E. 439, 55 L. R. A. 235, 85 Am. St. 327.

Appellee contends in her brief that her complaint, if not good under the common law, is good under Acts 1911, page 597, known as the "Dangerous Occupations Act." Whether said act applies to coal-holes and cellarways in sidewalks we do not regard as necessary to decide. It is sufficient to say that, if it were intended to apply to such cases, the complaint and evidence shows that appellants fully complied therewith by maintaining a good covering for the cellarway.

Appellee further contends that the evidence in the cause is not properly in the record because the certificate of the trial judge to the bill of exceptions fails to show that he examined the bill before allowing and signing it. With this contention we cannot agree. The presumption is that the judge examined the bill before signing it, and the failure of the certificate to recite the fact does not affect the sufficiency of the certificate. *Tombaugh* v. *Grogg* (1900), 156 Ind. 355, 59 N. E. 1060; *Dodge* v. *Morrow* (1895), 14 Ind. App. 534, 41 N. E. 967, 43 N. E. 153; *Howe* v. *White* (1903), 162 Ind. 74, 69 N. E. 684; *Standard Life, etc., Ins. Co.* v. *Martin* (1893), 133 Ind. 376, 33 N. E. 105.

It follows from what we have said that the second paragraph of complaint does not state facts sufficient to constitute a cause of action against the appellants, and that the verdict is contrary to law and is not sustained by sufficient evidence.

The judgment of the lower court is reversed, with instructions to grant a new trial, sustain appellants' demurrer

to the second paragraph of complaint and for further pro-
ceedings not inconsistent with this opinion.

NOTE.—Reported in 113 N. E. 764. Liability of landlord to a third person for condition of premises in possession of tenant, 26 L. R. A. 197, 198; 92 Am. St. 502; 24 Cyc 1128.