PATRICK KITSON, an Infant, by DELIA KITSON, His Guardian ad Litem, Respondent, *v.* JAMES A. HEARN & SON, INC., Appellant.

First Department, January 10, 1930.

*William S. O'Connor* of counsel [*James B. Henney*, attorney], for the appellant.

*William J. Carey*, for the respondent.

O'MALLEY, J. The infant plaintiff's action for damages is predicated upon defendant's negligence in failing to properly guard a sidewalk opening or stair well appurtenant to its premises. When in normal condition the opening was covered by an iron grating. Ingress to the basement was had by lifting up the grating on its hinges and descending by means of a flight of stairs.

The grating consisted of two parts, one directly over the stairs, and the other at the opposite end of the opening. The accident occurred by reason of the latter part of the grating being raised. When in this condition the opening at the end farthest from the stairway was left unguarded.

Just prior to the fall of the infant into the opening, his mother

was holding him by the hand. At the same time, she was wheeling a baby carriage, but had momentarily let go her hold on the infant plaintiff for the purpose of adjusting some clothing in the baby carriage. In the meantime, the infant plaintiff, who was but two years of age, toddled away and fell to the bottom of the stair well, a distance of some ten feet.

The evidence was ample to sustain a finding of freedom from contributory negligence. So, too, under an appropriate charge, the defendant's negligence might well have been established. The jury very properly might have found that the portion of the grating in question had been left raised and unguarded at a time when the stairway itself was not in use and when the grating above the portion of the stair well occupied by the stairs was in fact closed.

Defendant's negligence was predicated in a large degree upon a violation of section 164 of article 14 of chapter 23 of the Code of Ordinances of the City of New York, which reads as follows:

" § 164. Cellar steps; cellar doors. Every entrance or flight of steps, now existing and projecting beyond the line of the street and descending into any cellar or basement story of any house or other building, where such entrance or flight of steps shall not be covered, shall be enclosed with a railing on each side, permanently put up, from 3 to 3½ feet high, with a gate to open inwardly, or with 2 iron chains across the front of entranceway, 1 near the top and 1 in the centre of the railing, to be closed during the night, unless there be a burning light over the steps, to prevent accidents. Where such entrance is covered by a cellar door such door shall be kept in good repair, and shall not be permitted to remain open except when in actual use for ingress or egress of persons or for the loading or unloading of things out of or into such cellar or basement story."

In his main charge the learned trial court instructed the jury that the provisions of the first sentence of this section applied to the case. After reading the section down to and including the words "shall be enclosed," the court, before reading the remaining language of the first sentence of the section interjected the following: " that is the case here; that is the very thing that this ordinance has relation to."

At the close of the charge defendant's counsel took exception to this quotation of the ordinance. Then, following a request by the jury for a copy of the ordinance before they retired for deliberation, defendant's counsel directed the court's attention to the fact " that there are two provisions of this ordinance, one applying to open stairways and the other to closed stairways, and the provision with respect to the railing applies specifically, by its terms, to the open stairways." He thereupon took exception to that portion of

the charge wherein it was stated " that the ordinance required in this specific case the placing of a permanent railing about this cellar door, where it is not an open cellar door." Upon the court's failure to charge further, exception was noted.

In the circumstances disclosed we are of opinion that the court committed reversible error. In effect, the jury were told that compliance with the ordinance required in addition to the moveable iron grating, an additional safety device of a permanent railing or similar protection about the inclosure. That such requirement is not essential is manifest from a reading of the ordinance in question and from a decision of this court interpreting its antecedent. (*Schroeck* v *Reiss*, 46 App. Div. 502.)

It follows, therefore, that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.