### KERSEY v. ASPHALT PAVING, Inc., et al.
#### No. 26433-L.
Circuit Court, Duval County.

July 15, 1959.

Schneider & Walker, Jacksonville, for plaintiff.

Howell & Kirby, Jacksonville for defendant Asphalt Paving, Inc.

Loftin & Wahl, Jacksonville, for defendant Southern Bell Tel. & Tel. Co.

A. D. McNEILL, Circuit Judge.

This cause coming on to be heard on the motion of defendant Southern Bell Tel. & Tel. Co. for summary judgment in its favor, and the court having considered the pleadings, affidavits and depositions on file, and heard arguments of counsel, finds the following undisputed facts—

On June 2, 1958 the defendant Asphalt Paving, Inc., while engaged in the construction and laying of a drainage ditch and culvert on the Old Gainesville Road (Lenox Avenue) near its intersection with Sky Drive West, in Duval County, dug a ditch or excavation through and across the paved portion of Old Gainesville Road and also through and across the unpaved shoulder being part of the right-of-way of said road, lying on the south side thereof. While so doing they damaged one cable and cut another cable of the defendant Southern Bell Tel. & Tel. Co., which cables were imbedded in the unpaved shoulder running parallel to the pavement, but not less than 54″ therefrom.

In excavating the ditch the defendant Asphalt Paving, Inc. had filled in and cleared the ditch on the north half of the paved portion of said road, but had left open the excavation or ditch running across the south half of the pavement and across the unpaved shoulder lying on the south side thereof, and had piled dirt across the area next to the open ditch or excavation.

The damaged and cut cables affected telephone service and the defendant telephone company came to repair the damage. In so doing the telephone company did not change in any manner the physical conditions, on the paved portion of the road, created by the defendant Asphalt Paving, Inc., and did no work whatsoever in the paved portion of the road.

The accident on which action was brought herein occurred about 8:30 P. M., after dark, wholly on the south half of the paved portion of the road, when the plaintiff's automobile ran into the ditch and pile of dirt lying alongside thereof. At no time was the plaintiff's car closer than 18″ from the south edge of the pavement.

Defendant Asphalt Paving, Inc. put up wooden barricades but no lights along or about the ditch and pile of dirt. It left the scene in the late afternoon while the telephone company crew was still working in the ditch outside the paved portion of the highway. The telephone company crew likewise left before dark.

Under these undisputed facts it is clear that the defendant Southern Bell Tel. & Tel. Co. did not create the hazard nor by any act did it contribute thereto. It is further clear that there was

no causative relation between the actions of the defendant Southern Bell Tel. & Tel. Co. in the repair of its damaged cables on the unpaved portion of the right-of-way and the accident, which occurred wholly within the paved portion of said road. The court therefore finds that there is no genuine issue as to any material fact and that defendant Southern Bell Tel. & Tel. Co. is entitled to summary judgment in its favor herein. See section 362.01, Florida Statutes 1957; 25 Am. Jur. 706; and Dix v. Old Colony R. Co., 202 Mass. 518, 89 N. E. 109, 24 LRA NS 567.

It is therefore, upon consideration, ordered and adjudged that the motion of the defendant Southern Bell Tel. & Tel. Co. for summary judgment is granted under provisions of the Florida Rules of Civil Procedure, and that plaintiff take nothing by his suit as against defendant Southern Bell Tel. & Tel. Co. and that said defendant go hence without day. Nothing herein contained shall affect the proceedings as against the defendant Asphalt Paving, Inc.