[Sac. No. 774. Department Two. — April 4, 1901.]

# E. A. RIDER, Respondent, v. W. R. CLARK et al., Appellants.

Landlord and Tenant — Negligence of Tenant — Leaving Doors of Basement Open — Landlord not Liable. — The owners of leased property, upon which there was a properly constructed sidewalk, from which iron doors, constructed in a proper and safe manner, opened into a basement for the use of tenants, which doors, when closed, in no way obstructed the sidewalk, and could injure no one, are not liable for the act or negligence of the tenant in leaving the iron doors open, to the injury of the plaintiff.

Id. — Extent of Landlord's Liability — Control of Leased Premises. — A landlord parts with all right of possession and control over the leased premises when the tenant enters into possession under the lease, and is not liable to third persons, except for such

defects in the premises, or defective construction, as existed when the premises were let to the tenant.

ID. — PRESUMPTION UPON APPEAL — INSTRUCTION — AUTHORITY FOR CONSTRUCTION OF IRON DOORS. — In the absence of any proof in the record upon appeal that the iron doors and excavation were a nuisance, and where it appears that the court instructed the jury of its own motion that the owners of the building had the right to construct and maintain a good and substantial passageway under the sidewalk to the basement of the building, and to construct and maintain a good and substantial iron frame and doors thereon, so long as the free passage of the sidewalk was not interfered with, it may be presumed upon appeal that the iron doors were placed in the sidewalk by proper authority.

ID. — USAGE IN CITIES — ENTRANCE TO BASEMENT — MUNICIPAL REGULATION. — It is generally the usage and custom to allow openings to be made in the sidewalks of cities, to obtain entrance into the basement, such openings and the coverings thereof being subject to proper municipal regulation.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Joseph H. Budd, Judge.

The facts are stated in the opinion.

Woods & Levinsky, and Nicoll, Orr & Nutter, for Appellants.

A landlord is not responsible for the acts or neglect of his tenants, if no nuisance or improper structure was maintained by the landlord when the premises were leased. (*Kalis* v. *Shattuck*, 69 Cal. 593;[1] *Frassi* v. *McDonald*, 122 Cal. 400, 404; *Saltonstall* v. *Banker*, 8 Gray, 195; *Rid* v. *Butterfield*, 4 Com. B. 183; *Stewart* v. *Putnam*, 127 Mass. 403; *Shindelbeck* v. *Moon*, 32 Ohio St. 269;[2] *Owings* v. *Jones*, 9 Md. 108; *House* v. *Metcalf*, 27 Conn. 632.) The landlord is not responsible for the act or neglect of the tenant in leaving open a trap-door which was properly and lawfully constructed. (*Frassi* v. *McDonald*, supra; *Stackhouse* v. *Vendig*, 166 Pa. St. 582.)

Jacobs & Flack, for Respondent.

The owners of the building maintained a dangerous pitfall, for which they were liable. (*Barry* v. *Terkildsen*, 72 Cal. 258;[3] *Van Praag* v. *Gale*, 107 Cal. 438; *Spence* v. *Schultz*, 103 Cal. 212.)

[1] 58 Am. Rep. 568.　　　　　[3] 1 Am. St. Rep. 55.
[2] 30 Am. Rep. 584.

COOPER, C.—Action to recover damages for personal injuries. Plaintiff recovered a verdict, and judgment was entered thereon. Appellants made a motion for a new trial, which was denied, and this appeal is from the judgment and order denying the motion. The appellants were the owners of a three-story brick building on the east side of Sutter Street, in the city of Stockton. The sidewalk in front of said building was of the latest improved concrete, over twelve feet in width. In the sidewalk on the east side of Sutter Street, being the west side of the building, there is an opening for the use of tenants, so that they may get into the basement of the building. The opening is covered by two iron doors, running east and west across a portion of the sidewalk next the street. The length of said doors is five feet, so that they leave a clear space of nearly seven feet between the building and the east end of the doors. The space covered by the doors is five feet east and west by four feet north and south, under which is the excavation. The doors, when open, extend about two feet above the level of the sidewalk, and are held in a perpendicular position by stay-chains and an iron rod hooked in an eyelet in each door, and, being thus open and fastened, the excavation is surrounded on the north and south by the iron doors. These iron doors do not in any way obstruct the use of the sidewalk when closed. They fit into the frame to which they are fastened perfectly. When closed, the surface is as even and smooth as the other portions of the sidewalk. There is no question but that the sidewalk and doors were properly constructed; and no claim is made that the appellants were in any way guilty of negligence in their construction.

On the twenty-first day of November, 1898, at the time of the injury to plaintiff, the premises and store on the ground floor of said building immediately east of the opening, and the basement into which the opening from the sidewalk led, were in the occupation, control, and possession of defendant Wood under a lease from appellants. As such tenant, defendant Wood had full control and charge of the iron doors covering the opening. On the evening of said day, defendant Wood opened said iron doors for the purpose of putting merchandise in the basement. Neither of the appellants was present, nor did either of them have any notice of the doors being so left open. About six o'clock of said evening, there was an alarm

of fire sounded. Plaintiff, who was in the employ of the fire department, while running along the sidewalk in a southerly direction to catch the hook-and-ladder truck, fell over the iron door on the north side into the opening, receiving severe injuries. The plaintiff, owing to the excitement and hurry under which he was laboring, did not notice the doors nor the opening. The doors were opened by defendant Wood for his own uses and purposes, and had been open about an hour when the accident happened. While there are many questions raised in the record as to rulings on evidence and giving and rejecting instructions, we will, at the request of counsel, discuss the main and important question, as to whether or not the owners of the building are, under the circumstances, responsible in damages to plaintiff. The case was tried in the court below, and given to the jury upon the theory that the owners of the building, having made the excavation and built the doors over the same, were in all events responsible for the injury caused to plaintiff by falling therein. This is apparent by the instructions given to the jury at plaintiff's request, to wit:—

"If you believe from the evidence that at the time of the injury complained of the defendants Clark and Henery owned the building at the corner of Market and Sutter streets, in the city of Stockton, and that said defendants Clark and Henery, prior to such injury, had built a sidewalk in front of the said building, and that under said sidewalk they had made an excavation, and through said sidewalk they had left an opening to connect with said excavation, and that over said opening they had built or placed a covering, and that prior to said injury they had rented a storeroom in said building to the defendant Wood, and that said renting carried with it the right by said Wood to use said excavation, basement opening, and the covering over the same, and that at the time of the injury complained of said Wood was so renting, as aforesaid, from said defendants Clark and Henery, and was at said time using said basement, excavation, opening, and the covering over the same, as contemplated by said Clark and Henery in their said lease to said defendant Wood, and if you believe from the evidence that said excavation under said sidewalk, the opening through said sidewalk, and the covering to said opening, as so used by said Wood at the time of said injury, was in an unsafe condition to the public or dangerous to passers-by, then I in-

CXXXII. Cal.—25

struct you that the defendants Clark and Henery are liable in damages to the plaintiff, if he, while said defendant Wood was so using said excavation, opening, and the covering thereto, as aforesaid, not knowing that such obstruction then existed, tripped over said covering and fell into said opening, thereby sustaining personal injuries."

And by the refusal to give the following instructions asked by appellants:—

"2. Before the jury can render a verdict against defendants W. R. Clark and Samuel Henery, you must find from the evidence that in the construction of the sidewalk and basement doors they were guilty of negligence, and constructed them so that they were unsafe and insecure to travel over and upon them.

"3. Before the jury can find a verdict in favor of plaintiff in this case, and against the defendants Clark and Henery, you must find from the evidence that the said sidewalk and basement doors were defectively constructed and built, or thereafter left in an unsafe and insecure condition for travel over the same by the public by said defendants Clark and Henery, or either of them.

"4. If the jury find from the evidence that in the construction of said sidewalk and doors the defendants Clark and Henery used good material, well and securely built the same, and that the said doors were well and safely constructed and properly provided with guards, such as the chains and rod, and that they were in a safe condition when leased to defendant Wood, and that said defendants Clark and Henery were not thereafter guilty of any act or negligence concerning the same, then you should find a verdict in favor of the said defendants Clark and Henery."

We think the instructions as given to the jury were not correct, and that the instructions offered by appellants should have been given.

When the tenant enters into possession under a lease, the landlord parts with all his right to and control over the premises, and is not liable to third persons, except for such defects in the premises or defective construction as existed in the premises when let to the tenant. (2 Wood on Landlord and Tenant, sec. 355; Shearman and Redfield on Negligence, 5th ed., sec. 708, and cases cited; 1 Wood on Nuisances, sec. 269, and cases cited; *Saltonstall* v. *Banker*, 8 Gray, 195; *Rich* v.

*Butterfield*, 4 Com. B. 183; *Kalis* v. *Shattuck*, 69 Cal. 597.[4]) In the case last cited, following the rule which is laid down in the text-books, this court held that the landlord of a building which is in the exclusive possession and control of a tenant is not liable for injuries to a third person, caused by the fall of an awning belonging to the building, when the fall was occasioned by the negligent and improper conduct of the tenant in permitting it to be used as a standing-place for a crowd of people. After a careful review of the authorities, the court said: "It is well settled that a landlord is not liable for such consequences unless,—1. The nuisance occasioning the injury existed at the time the premises were demised; or 2. The structure was in such a condition that it would be likely to become a nuisance in the ordinary and reasonable use of the same for the purpose for which it was constructed and let, and the landlord failed to repair it; or 3. The landlord authorized or permitted the act which caused it to become a nuisance occasioning the injury."

In *Frassi* v. *McDonald*, 122 Cal. 404, it is said: "The owner of property fronting on the street is not an absolute guarantor that no opening may be found in his sidewalk. The law does not demand that he shall guard his sidewalk at night lest some evil-doer shall make an opening therein to the great danger of the belated traveler. Before liability attaches to the owner in such a case, he must have known of its defective condition, or as a careful, prudent man, should have known it."

In *Boston* v. *Gray*, 144 Mass. 53, it appeared that the basement of a building extended under the sidewalk of the street on which the building abutted, and was lighted by a "Hyatt light," the iron frame of which was set in and formed part of the sidewalk. The first story and basement of the building were occupied by a tenant under a lease. The iron frame had worn smooth and slippery from long use, and by reason thereof a traveler fell and was injured. It was held that the owner of the building was not liable. In the opinion, the court said: "We think the lease of the store and basement included the excavation under the sidewalk and its covering, and that the tenant's covenant to keep in repair applied to it."

In *McAlpin* v. *Powell*, 70 N. Y. 130,[5] it is said: "To maintain an action for personal injury, occasioned by the negligence or

---

[4] 58 Am. Rep. 568.          [5] 26 Am. Rep. 555, and note.

want of care of another, it must be made to appear that the defendant owed some duty or obligation to the party injured, which he failed to discharge or perform.   Unless there is some contract, duty, or service which a party is bound to fulfill, there can be no negligence, fault, or breach of the obligation. The reported cases, where parties are charged for injuries to another, occasioned by accident, have been decided upon the principle that there was negligence in doing or omitting to do some act by which a duty or obligation which the law imposed has been disregarded."   Applying the rule above given, there can be no negligence imputed to appellants.   It was not their duty to guard the open space in the sidewalk when the doors were open.   They constructed the sidewalk and the iron doors in a proper and safe manner.   When the premises were let to the tenant, they were in good condition.   There is no pretense that the injury was caused by any defective construction of the doors or sidewalk.   There is no claim that the premises were out of repair, and appellants did not even know that the doors were open.

It is claimed that the excavation and iron doors were a nuisance, and placed on the sidewalk without authority and contrary to law.   There is no such proof in the record.   On the contrary, the plaintiff objected to all evidence tending to show that it was the usage or custom in the city of Stockton to allow such doors, and the court sustained the objections.   But we may presume, for the purposes of this case, that the iron doors were placed there by proper authority, for the court instructed the jury of its own motion: —

"If the defendants Clark and Henery were the owners of a building fronting on Sutter Street, in the city of Stockton, they had the right to construct a good and substantial sidewalk on Sutter Street, in the city of Stockton, adjacent to such building; they had the right to construct and to maintain a good and substantial passageway under said sidewalk to the basement of said building, so long as such passageway did not interfere with the free passage of persons on and along said sidewalk; they had a right to construct and maintain a good and substantial iron frame in said sidewalk, and good and substantial doors thereon, so long as the same did not interfere with the free passage of persons on and along said sidewalk."

And it is generally the usage and custom to allow openings to be made in the sidewalks of cities, in order to obtain

entrance into the basement, such openings and the coverings thereof being subject to proper municipal regulation. (2 Dillon on Municipal Corporations, 4th ed., sec. 699; *McCarthy* v. *Syracuse*, 46 N. Y. 197; *Wolf* v. *Kilpatrick*, 101 N. Y. 147;[6] *Fisher* v. *Thirkell*, 21 Mich. 1.[7]) The cases of *Van Praag* v. *Gale*, 107 Cal. 441, and *Barry* v. *Terkildsen*, 72 Cal. 258,[8] are not in conflict with what has been said.

In the former case the question as to the liability of a landlord when the premises were leased to and in the possession of a tenant is not referred to or discussed.

In the latter case the wooden trap-door was used and maintained by the owner, and not by a tenant, and was so maintained in direct violation of an ordinance of the city.

It follows that the judgment and order as to appellants should be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order as to appellants are reversed.

Henshaw, J., McFarland, J., Temple, J.