# Duffin, Appellant, v. Dawson.

*Negligence—Cellar door in pavement—Tenant—Owner.*
Where a person is injured by the tilting of a cellar door in a pavement, and it appears that the accident was caused because the door had not been properly closed, and not because of any defect in the construction of the door, the remedy is against the tenant in possession and not against the owner.

Argued March 21, 1905. Appeal, No. 80, Jan. T., 1905, by plaintiff, from judgment of C. P: No. 5, Phila. Co., March T., 1903, No. 2805, on verdict for defendant in case of Bradley S. Duffin and Hannah Duffin v. Alfred H. Dawson and John P. Adams. Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries against the owner of a building. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*J. M. Vanderslice,* with him *Clarence Vanderslice,* for appellants.

*Dwight M. Lowrey,* with him *Alfred R. Haig, Henry C. Thompson, Jr.,* and *William F. Harrity,* for appellees.

PER CURIAM, April 24, 1905:

The plaintiff was injured by the tilting of a cellar door on which she stepped from the pavement to look into a store window. The building was in possession of a tenant; the action was against the owners. The door slid in grooves at its sides, instead of swinging on hinges, and this peculiarity of construction made it more difficult to open and close, and as the grooves became worn it was more liable to get out of place if not properly closed. But neither the manner of construction of the door nor any defects caused by its use made the door unsafe if care was taken in closing it. The affirmative evidence pro-

duced by the plaintiff was that the door would remain in place if it was slid back properly. It was not shown by the plaintiff what caused the door to fall when she stepped on it, but the only conclusion that could be drawn from the testimony was that it fell because it had not been properly closed. As this was due to neglect in the use of the door and not a defect in its construction, the remedy was against the tenant in possession.

The judgment is affirmed.