[Civ. No. 852.    First Appellate District.—March 6, 1911.]

## FLORENCE E. PECK, Appellant, v. P. A. PETERSON, Respondent.

WATER RIGHTS—DIVERSION OF SURFACE WATER—INJUNCTION AND DAM-
AGES — COMPLAINT AND CROSS-COMPLAINT — FINDING AGAINST EVI-
DENCE.—In an action to enjoin defendant from maintaining a ditch
on his higher land so as to collect surface water thereon and make
it flow out of its natural course over plaintiff's land to his damage,
in which defendant, besides joining issue, sought by cross-complaint
to enjoin plaintiff from maintaining a dam alleged to obstruct the
flow of said water in its natural course, and alleging that for two
years plaintiff had plowed deep furrows across said natural course,
so as to back water on defendant's land to his damage, and the find-
ings were against plaintiff and in support of the cross-complaint,
it is held that the finding that plaintiff plowed such furrows is
against the evidence, which necessitates the reversal of an order
denying a new trial to plaintiff.

ID.—PLOWING OF FURROWS BY TENANTS OF PLAINTIFF—PLAINTIFF NOT
RESPONSIBLE.—Where the evidence showed that the furrows were
plowed on plaintiff's land solely by tenants in possession under a
lease from plaintiff upon their sole responsibility, without any direc-
tion or control of them by plaintiff, the plaintiff had no respon-
sibility therefor.

ID.—MATERIALITY OF FINDING AS TO PLOWING OF FURROWS—QUESTION
OF DAMAGES.—Where the court found that defendant was damaged
by the action of the plaintiff, and that such damage was caused in
part by the alleged cross-plowing of the furrows by the plaintiff,
and it does not appear how much damage was done thereby, the
finding is material upon the question of damages.

ID.—GENERAL FINDING AS TO FLOW OF NATURAL WATERCOURSE CON-
TROLLED BY SPECIAL FINDING.—It is held that a general finding in
the language of the cross-complaint as to the flow of a natural water-
course over the lands of plaintiff and defendant without indicating
its direction is immaterial where the court finds specially, upon ample
evidence, as to a further allegation of the cross-complaint, "that the
said land of defendant is higher in elevation than the land of plain-
tiff, and the surface water caused by heavy rains naturally flows,
and is accustomed to flow and to discharge itself, from defendant's
land over and across plaintiff's land."

ID.—EASEMENT OF OWNER OF UPPER LAND FOR FLOW OF SURFACE WATER.
Under the established law of this state, the owner of upper land
has an easement over lower and adjacent land for the discharge of
surface or rain water, as it is accustomed to naturally flow; and

it is immaterial whether such water flows through a watercourse, strictly speaking, or through a simple depression in the surface of the earth.

ID.—LIMITATION UPON RIGHTS OF UPPER OWNER.—Notwithstanding such easement, such upper land owner has no right to obstruct such natural flow, or to increase the burden upon the servient tenement, by causing the natural mode of its discharge on the lower land to be changed to the injury of the servient tenement, by conducting it into the new channels in greater quantities onto particular parts of the lower land. It is held that there is much evidence in the record tending to show that defendant, in the first instance, violated this rule to plaintiff's injury.

ID.—IMPROPER FORM OF FINDING AS TO PARAGRAPHS OF COMPLAINT— CONFLICT WITH ADMISSIONS OF PLEADINGS.—It is held that a finding that paragraphs 3, 4, and 5 of plaintiff's complaint are untrue is not to be commended as a model; but that if it be construed to mean that all of the allegations of said paragraphs are untrue, it is in direct conflict with the admissions of the pleadings as to some of such allegations.

APPEAL from an order of the Superior Court of Santa Cruz County denying a new trial. Lucas F. Smith, Judge.

The facts are stated in the opinion of the court.

Wm. M. Aydelotte, for Appellant.

James A. Hall, for Respondent.

HALL, J.—Plaintiff and defendant are the owners of adjoining tracts of land, situate in Santa Cruz county, separated by a division fence.

Plaintiff filed a complaint against defendant, in which she alleged that defendant had excavated and constructed a ditch or drain on and across defendant's land to the line of plaintiff's land, and thence under the division fence into and upon plaintiff's land, and thereby diverted from its natural course the water falling on defendant's land, and caused the same to be discharged and to flow over and upon the lands of plaintiff, to her damage in the sum of $1,000. Plaintiff prayed for damages and an injunction.

Defendant not only filed an answer denying the allegations constituting the gravamen of plaintiff's action, but also, by way of cross-complaint, set up, "That across the land of

defendant, through his said orchard and thence on and across the said land of the plaintiff there runs a natural water-way, that naturally carries the flood or surface water that falls and flows on the land of the defendant over, upon and across the said land of plaintiff, and which said natural water-way has always existed."

It is further alleged that plaintiff in December, 1907, caused a dam to be built immediately below where the said natural water-way leaves the land of defendant in such a manner that the flood waters were prevented from running in their natural channel and were backed up and caused to overflow onto the orchard of defendant to his damage in the sum of $250.

It is also alleged, "That at various times during the past two years said plaintiff has caused deep furrows to be plowed across said natural watercourse on the said land in such a manner as to cause the flood waters to back up over defendant's said land and orchard and injure the same, all to his damage in the sum of five hundred dollars."

The court made findings in accordance with the contentions of defendant, and gave judgment accordingly, enjoining plaintiff from doing the acts complained of, and for $100 damages.

Plaintiff moved for a new trial, which the court denied in these words: "I have very serious doubts whether the findings are supported by the evidence, but as the decision of this case is, in my opinion, just and equitable, the plaintiff's motion for a new trial will be denied, and it is so ordered."

The appeal is from this order.

Appellant attacks several of the findings as unsupported by the evidence. One of these is the finding, "That the said plaintiff did at many times during the past two years cause deep furrows to be plowed across said natural watercourse on her land in such a manner as to cause the flood water to back up on defendant's said land and orchard, and injure the same."

After a careful reading of all the testimony in the record, we have been unable to find a single word that supports the finding that plaintiff at any time caused deep or any furrows to be plowed across the alleged watercourse. During all the time mentioned in the complaint her said land was rented to

15 Cal. App.—35

and in the possession of tenants. Such plowing as was done was done by the tenants without any direction or control from plaintiff, and for any damage thus resulting she would not be liable. The court found that the defendant had been damaged by the acts of plaintiff in the sum of $100. This damage is found to have been caused in part by the said cross-plowing, but how much was done by the cross-plowing does not appear, nor can it in any way be ascertained from the findings. The finding as to the cross-plowing is thus a material one, upon which the judgment for damages in part rests.

Appellant also attacks the finding of the court, made in substantially the language of the cross-complaint, as to the existence of a natural watercourse, over and across the land of defendant and plaintiff, that naturally carries the flood and surface water, that falls upon the land of defendant, over and upon the land of plaintiff. This finding is, however, unimportant and immaterial, in view of the fact that, upon ample evidence, the court also found, in accordance with the allegation of the cross-complaint, "That the said land of defendant is higher in elevation than the land of plaintiff, and the surface water caused by heavy rains naturally flows, and is accustomed to flow and discharge itself, from defendant's land over and across plaintiff's land."

It is the established law of this state that the owner of upper land has an easement over lower and adjacent land for the discharge of surface or rain water as it is accustomed to naturally flow; and it is quite immaterial whether such surface water flows through a watercourse, strictly speaking, or through a simple depression in the surface of the earth. (*Larrabee* v. *Cloverdale,* 131 Cal. 96, [63 Pac. 143]; *Sanguinetti* v. *Pock,* 136 Cal. 466, [89 Am. St. Rep. 169, 69 Pac. 98].)

The court also made a finding in the following words: "That paragraphs 3, 4 and 5 of plaintiff's complaint are untrue."

It is insisted that this is not a finding of fact at all.

Certainly it is not one to be commended as a model. If it be construed as a finding to the effect that all the allegations in said paragraphs are untrue, it is in direct conflict with the admissions of the pleadings as to some at least of said allegations. However, we do not deem it necessary to discuss

this finding in detail. The record is in such shape as makes it difficult to understand the evidence. The witnesses testified with reference to a map, and because of frequent references to this map, much of the evidence is quite unintelligible when read from the record.

From the language of the court in denying the motion for a new trial, it is evident that the court had serious doubts as to the correctness of its conclusion as to the facts. As the cause must be retried because of the lack of evidence to support the finding first discussed, it is not improper to point out that though an upper land owner has the right to have surface and rain water flow onto adjoining lower lands, as it has been accustomed naturally to flow, and such lower land owner has no right to obstruct such flow, such upper land owner has no right to increase the burden upon the servient tenement by causing the natural mode of its discharge to be changed to the injury of the servient tenement, by conducting it by new channels in greater quantities onto particular parts of the lower land, and the like. (*Ogburn* v. *Connor*, 46 Cal. 347, [13 Am. Rep. 213].) There is much evidence in the record tending to show that defendant in the first instance violated this rule, and did collect the surface water on his land and convey it in greater quantities to the land of plaintiff. Indeed, he testifies himself that he excavated a channel through his land to the land of plaintiff so as to drain his orchard, and also so as to take water from a roadway that apparently otherwise could never reach the land of plaintiff. This apparently resulted in plaintiff putting in an obstruction at her boundary line that caused a greater amount of water to collect and stand upon the land of defendant than naturally would have collected there.

While it is not strictly the province of this court to advise such a course, we do not think it entirely out of place to suggest that the parties litigant in this case might profitably avoid the expense of further litigation in this case by the exercise of a little neighborly goodwill and forbearance in an effort to adjust their conflicting claims to the advantage of both of them.

Appellant makes no other point requiring notice.

The order is reversed.

Lennon, P. J., and Kerrigan, J., concurred.