[Civ. No. 2905. First Appellate District, Division Two.—October 6, 1919.]

ELIZABETH CALVERT et al., Appellants, v. G. G. BURNETT ESTATE COMPANY, INC. (a Corporation), Respondent.

[1] NEGLIGENCE—OWNERSHIP OF PREMISES—DUTY TO REPAIR.—While an owner is primarily responsible for the repair of all portions of his premises, he is not an insurer with reference to the condition thereof generally, but must have notice of defects before he can be held liable in damages for failure to repair.

[2] ID.—DEFECTIVE CONDITION OF LEASED PREMISES—INJURY TO THIRD PERSONS—WHEN OWNER RESPONSIBLE.—Ordinarily, the owner of a building which is in the possession of a tenant is not liable to third persons for injuries resulting from a defective condition of any portion of the premises unless the building was defectively constructed or he had notice of such defective condition.

[3] ID.—DUTY OF OWNER TO REPAIR SIDEWALK—CONSTRUCTION OF SAN FRANCISCO CHARTER.—The provision of section 16 of chapter 2 of article VI of the charter of the city and county of San Francisco that "until the sidewalk or roadway of any improved street in the city and county of San Francisco is finally accepted . . . the obligation to repair, reconstruct or improve the same is imposed upon the owner or owners of the lots fronting thereon," does not make the owner of property an insurer of the safety of persons using the sidewalk in front thereof, nor a guarantor that the sidewalk contains no openings.

---

1. Necessity of notice by tenant to landlord of need of repair during term, note, Ann. Cas. 1912B, 353.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. Schapp and W. H. R. McMartin for Appellants.

A. P. Black and Black & Clark for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiffs from a judgment in favor of the defendant in an action to recover for personal injuries sustained by the plaintiff, Elizabeth Calvert, and alleged to have been caused by the negligence and carelessness of the defendant corporation in permitting and allowing the sidewalk in front of a building owned by it to become defective. The defendant corporation is and was at the time of the accident the owner of a certain building on Turk Street, near Market Street, which was occupied by a tenant holding under a written lease. The facts are practically undisputed, and the court found that at the time of the leasing of the premises by the defendant to the tenant, the said premises, including the sidewalk in front thereof, were in first-class condition and that there were no holes, breaks, or depressions or other defects of any kind whatsoever in the sidewalk, and that said premises were in all respects in good condition; that the tenant expressly agreed in the said lease that all repairs necessary to the said premises should be made by said tenant at its own cost and expense and that the lessor should not be called upon to make any repairs whatever; that the lease was in full force and effect at all times mentioned in the complaint; that whatever holes or breaks may have occurred in the sidewalk were made without the knowledge of the defendant and without any negligence on the part of the defendant, and that they were not either knowingly, negligently, or carelessly allowed or permitted to remain or continue in said sidewalk by said defendant. The evidence is undisputed that the defendant had no knowledge of any breakage in the sidewalk until after the accident. Upon these facts the record presents but one question: Whether the owner of a building is liable in damages for injuries resulting from failure to keep the sidewalk

in repair, where the building has been leased and is being occupied by a lessee who has agreed to repair, and where the owner has no notice of any defect in the sidewalk, and there are no facts in evidence which would have put a reasonably prudent man upon inquiry.

Appellant admits that formerly, in this state, the owner of property was not liable for failure to keep the sidewalk in front thereof in repair. She recognizes the rule as announced in the case of *Eustace* v. *Jahns,* 38 Cal., at page 17, where the court said, in speaking of the duty of a property owner to repair the public highway: "As the defendant's responsibility in this action, if any exists, rests solely upon allegations of nonfeasance, or neglect of duty, devolved from the fact of his possession and control of the lot fronting on the side of the street where the defect occasioning the injury existed, and not upon any pretense or allegation of any affirmative action, misfeasance, or malfeasance, it follows that unless there exists some positive legislative enactment imposing such duty, the responsibility cannot attach. From a most careful consideration of all the statutes relating to the public streets and highways of the city and county of San Francisco, we find no personal duty primarily or inceptively cast upon the individual owners of lots or lands therein, in respect to the care, management, control, improvement, or repair of the public streets and highways. . . ."

In the case of *Martinovich* v. *Wooley,* 128 Cal. 143, [60 Pac. 760], the court says: "A sidewalk is a part of the highway. (*Bonnett* v. *San Francisco,* 65 Cal. 231, [3 Pac. 815]; *Ex parte Taylor,* 87 Cal. 94, [25 Pac. 258].) At common law, no duty was cast upon the owner of the abutting property to maintain the street in good repair. If such duty exists in this state it must be by virtue of some statutory enactment. Since culpable negligence cannot exist except from failure to perform a duty imposed by law or by contract, if the duty to repair the sidewalk in this instance was not cast upon defendants they were not responsible for its condition, and the general demurrer was properly sustained." The court then calls attention to the statutory provision wherein it is made the duty of the superintendent of streets to require by notice in writing the making of necessary repairs by the property owners, and also calls attention to the fact that the statute imposes a liability upon the property

owner for injuries occasioned by defects in the street front-
ing his property if such defects shall have existed for the
period of twenty-four hours or more after notice thereof by
the superintendent of streets.   The court then quotes from
the case of *Eustace* v. *Jahns, supra,* and declares the law
to be that a duty to repair is cast upon the property owner
only after notice given by the superintendent of streets as
required by the act, and after such notice has been disregarded
for the specified time.

The appellant in the present case contends that the law has
been changed since these cases were decided; that amend-
ments to the charter of San Francisco have placed a primary
responsibility upon owners of property with relation to the re-
pair of the sidewalk in front of the same and that such re-
sponsibility is not dependent upon notice by the superinten-
dent of streets of a defective condition.   Reliance is placed
upon the portion of section 16 of chapter 2 of article VI,
which provides that "until the sidewalk or roadway of any
improved street in the city and county of San Francisco is
finally accepted . . . the obligation to repair, reconstruct or
improve the same is imposed upon the owner or owners of the
lots fronting thereon."   The appellant points out that sec-
tion 21 of the Statute of 1862, page 401, providing that not
less than the whole width of the street shall be accepted, has
been changed by section 23 of the present charter, which
provides that not less than the width *of the roadway* shall
be accepted, and argues that this change indicates an intention
that the city shall not now accept the sidewalks.   This argu-
ment is supported further by calling attention to other
amendments to the charter which appellant construes as in-
dicating an intention in harmony with her views.   Upon this
assumption appellant's argument proceeds, and it is urged
that as the sidewalk in the case at bar was not accepted, the
above-quoted provision of section 16, chapter 2 of article VI,
becomes applicable.   Reliance is then placed upon section 5,
article I, providing that no recourse shall be had against the
city and county for damages suffered by reason of the defec-
tive condition of any sidewalk which has not been finally ac-
cepted by the supervisors of the city and county as by law
or in the charter provided, but in any such case, the person
or persons on whom the law may have imposed the obligation

to repair such defect in any such sidewalk shall be liable to the party injured for the damage suffered or sustained.

In passing we call attention to the fact that the language of section 16, above quoted: "Until the sidewalk . . . is finally accepted . . . ," by its very terms recognizes the fact that at some time certain sidewalks may be accepted. But we deem it unnecessary for us to decide here whether or not the city accepts the sidewalks in accepting the "roadway," or whether a change has been made in this respect by the amendments to the charter upon which appellant relies. Because, even though we accept appellant's position, for the purpose of the determination of this case, and agree that the sidewalk in front of defendant's house was not accepted, and that the primary responsibility for its repair rested upon the abutting property owner, and that he was not entitled to formal notice of defects from the superintendent of streets —yet the above-quoted language of the charter imposing upon the owner such responsibility and declaring his liability for injury suffered by reason of his failure to meet his obligation in this respect—is not such as to make the owner an insurer of all persons passing along said sidewalk. We think if such an unusual liability were sought to be placed upon owners of property, that the charter would have been more specific in stating it. [1] An owner is primarily responsible for the repair of all portions of his premises, and yet he must have notice of defects before he can be held liable in damages for failure to repair. He is not an insurer with respect to the condition of his premises generally, although primarily liable. It seems clear to us that even if the appellants' contention be granted, nevertheless the owner is only liable for failure to perform the duty to repair his sidewalk, placed upon him by the charter, under the same circumstances as she would be liable for the failure to repair any other portion of the premises of which he is the owner, i. e., he is liable for a negligent failure to repair, and negligence cannot exist without knowledge of defects or circumstances which would put a prudent man upon inquiry. Even conceding that the defendant is not entitled to the formal notice by the superintendent of streets, he must yet have some notice—some knowledge of the need of repairs acquired in some manner.

In the case of *Kalis* v. *Shattuck,* 69 Cal. 596, [58 Am.
Rep. 568, 11 Pac. 346], the court says that it is well settled
that a landlord is not liable for the consequences to the
plaintiff of a nuisance in connection with a building in the
possession and control of his tenants unless: "1. The nui-
sance occasioning the injury existed at the time the premises
were demised; or 2. The structure was in such a condition
that it would be likely to become a nuisance, in the ordinary
and reasonable use of the same for the purpose for which
it was constructed and let, and the landlord failed to repair
it (*Jessen* v. *Sweigert,* 66 Cal. 182, [4 Pac. 1188]; *Rector*
v. *Buckhart,* 3 Hill (N. Y.), 193; *Mullen* v. *St. John,* 57
N. Y. 567, [15 Am. Rep. 530]; *Hussey* v. *Ryan,* 64 Md. 462,
[54 Am. Rep. 772, 2 Atl. 729]; 11 Cent. Rep. 626; Wood on
Nuisances, secs. 295, 676; Wood on Landlord and Tenant,
918); or 3. The landlord authorized or permitted the act
which caused it to become a nuisance occasioning the injury."
Appellant argues that the present case comes within the second
class because, as any sidewalk was bound to wear out in the
course of time with the ordinary and reasonable use of the
same for the purpose for which it was constructed, that it
was bound in time to become a nuisance. We think the
court did not mean that everything which was not absolutely
impervious to wear and tear was to be in contemplation of
law a prospective nuisance. [2] And as we see from the
language last quoted, ordinarily the owner of a building
which is in the possession of a tenant would not be liable to
third persons for injuries resulting from a defective condition
of any portion of the premises unless the building had been
defectively constructed or he had notice of such defective
condition. Practically the same rule has been applied with
regard to a sidewalk in front of premises, for in the case of
*Frassi* v. *McDonald,* 122 Cal. 404, [55 Pac. 139], the court
said: "The owner of property fronting on the street is not
an absolute guarantor that no opening may be found in his
sidewalk. . . . Before liability attaches to the owner in such
a case, he must have known of its defective condition, or as
a careful, prudent man, should have known it." This case
is quoted with approval in the case of *Rider* v. *Clark,* 132
Cal. 387, [64 Pac. 564]. In the latter case the court lays
down the rule that when a tenant enters into possession under
a lease, the landlord parts with all his right to and control

over the premises and is not liable to third persons, except for such defects in the premises or defective construction as existed in the premises when let to the tenant, and numerous authorities are cited in support of this statement. The liability in actions like the present is predicated upon negligence or want of care. The landlord cannot be guilty of negligence in failing to repair when he does not know of any defect in the premises and is not charged with such knowledge as a reasonable man. This seems to be the law, not only in this state, but in other jurisdictions as well. (*Hutchinson* v. *Cummings*, 156 Mass. 329, [31 N. E. 127].)

Unless the provisions of the charter relied upon by the appellant make the owner an insurer, the findings of the trial court that the holes in the sidewalk alleged to have caused the injury to the plaintiff were made without the knowledge of the defendant, and that they were not knowingly, negligently, or carelessly allowed or permitted to remain or continue in sail sidewalk by the defendant, make necessary its conclusion that the defendant in the present action is not liable. [3] It is not necessary for us to discuss the relative rights and duties of the defendant and the city authorities under the charter provisions relied upon by the appellant. It is sufficient for the present case to decide that such provisions do not make the owner of property an insurer of the safety of persons using the sidewalk, nor a guarantor that the sidewalk contains no openings.

The judgment is affirmed.

Nourse, J., and Brittain, J., concurred.