[Civ. No. 2161.  Third Appellate District.—September 13, 1920.]

## F. J. LUCID, Appellant, v. CITIZENS INVESTMENT COMPANY (a Corporation), Respondent.

[1] LANDLORD AND TENANT—NUISANCE—LIABILITY OF LANDLORD.—A landlord is not liable for the consequences of an accident to a party sustained through a nuisance maintained on demised premises, unless the nuisance occasioning the injury existed at the time the premises were demised, or the structure was in such a condition that it would be likely to become a nuisance in the ordinary and reasonable use of the same for the purpose for which it was constructed and let and the landlord failed to repair it, or the landlord authorized or permitted the act which caused it to become a nuisance occasioning the injury.

[2] ID.—FALL THROUGH OPEN TRAP-DOOR ON DEMISED PREMISES—ACTION AGAINST LESSOR—PLEADING — INSUFFICIENT COMPLAINT. — A complaint in an action against the lessor of demised premises for damages for personal injuries received by the plaintiff in falling through an open trap-door in the floor of the premises fails to state a cause of action where it is not alleged that the door was not properly constructed or was not in good condition, and it appeared from the averments that, in the ordinary and usual use to which the door might be put for the purpose for which it was designed, it could become a nuisance and dangerous to customers of the tenants or other persons entering their establishment only by the negligent manner in which it might be used by the tenants.

APPEAL from a judgment of the Superior Court of San Joaquin County.  George F. Buck, Judge.  Affirmed.

The facts are stated in the opinion of the court.

---

1. Liability of lessor of premises leased for business, public or amusement purposes, for personal injuries to customer or patron, notes, 59 Am. Dec. 733; 92 Am. St. Rep. 499; L. R. A. 1916F, 1123.

Louttit & Stewart for Appellant.

Nutter, Hancock & Rutherford for Respondent.

HART, J.—This is an action for damages for personal injuries, and the appeal is by the plaintiff from the judgment of dismissal of the action entered after and upon the order sustaining the demurrer to the second amended complaint, the plaintiff having failed or refused further to amend, notwithstanding that he was by the court given leave to amend within ten days from and after the making of the order sustaining the demurrer.

The salient facts stated in the complaint may be given in a summary fashion· as follows: That the defendant, a corporation, was and had been for a long period of time the owner of a certain building, in the city of Stockton, and that the ground floor of said building was subdivided into storerooms and the same rented to tenants engaged in various lines of business; that one of said storerooms was rented by the defendant for a period of five years, at a stated and stipulated rental, to H. L. Anthony and Frank Coster to conduct therein a retail liquor business; that, prior to the time Anthony and Coster entered into the possession of said premises, the defendant "carelessly and negligently cut a hole in the floor of said premises of the dimensions of about seven feet in length and about three feet in width, and carelessly and negligently constructed a trap-door of the dimensions of said hole and so constructed it as to fit in said hole and to lie even with the floor when closed." This door, so the complaint proceeds, weighed about forty pounds and was opened by lifting the same upon two hinges attached to one side of said door, and the latter could be opened from above by means of a hand-hold placed upon the opposite side of said door, "but in the ordinary and reasonable use of said door, the same could not be opened from above." The use to which said "hole" in the floor was to be and·in fact is put is to enable the tenants of the storeroom to. enter the basement thereof from the saloon to get merchandise stored in said basement, there being a stairway (also constructed by the defendant) leading from the trap-door to the basement; "that the defendant carelessly and negligently, in the construction of said trap-door,

omitted and neglected to provide any guard about said trap-door'' and carelessly and negligently constructed said trap-door in such a manner that in the operation thereof said trap-door did not of itself and by the manner of its construction create in itself and by its use a guard or protection to a person in said premises from falling through said hole into said basement; ''that in the ordinary and reasonable use of said door, its use left the hole unguarded and unprotected, and created thereby a dangerous nuisance in that said use of said door invited hurt and injury to anyone in or about said premises.'' It is alleged that the defendant well knew at the time it constructed said hole in the floor and said trap-door the purpose for which the said premises were to be used by the said tenants and that the public would be permitted and privileged to enter into and upon said premises to trade and deal with said tenants, and that said tenants would be dependent upon such patronage to pay the defendant the rent provided for by the lease whereby said premises were demised to said tenants; that defendant knew, when it constructed said trap-door, etc., that said tenants, in the course of their business, would be required to use said trap-door and entrance into the basement of said premises, and that said door would be left open while in use, and that during the times of its use divers persons would be in and about said saloon. It is then alleged that, on or about the tenth day of February, 1918, the plaintiff, with the consent and permission of said tenants, then in the said saloon and that portion of the said building where said trap-door or hatchway existed and was maintained as above described, without any fault or carelessness on his part, he then being unaware of the existence of said trap-door and hole, ''and said trap-door or hatchway being then and there open for the use and purpose for which said trap-door was· constructed by defendant, thereby exposing an open space in said floor, and the said opening being without any guard or railing about the same,'' fell through said opening, striking with great force and violence upon the stairway leading into the basement from said trap-door, thereby sustaining ''a comminuted fracture of the right tibia and fibula near the ankle, a transverse fracture of the right arm, near the shoulder, a cut upon his head and bruises about his body,'' etc.

[1] The established criterion by which it is to be determined whether the landlord or owner of demised premises is legally liable to a party injured on such premises through a nuisance existing thereon while they are in the exclusive occupancy and control of a tenant is, in general terms, stated in *Kalis* v. *Shattuck*, 69 Cal. 593, 597, [58 Am. Rep. 568, 11 Pac. 346], quoting from *Gandy* v. *Jubber*, 5 Best & S. 73, 485, as follows: "The nuisance must be one which is in its very essence and nature a nuisance at the time of the letting, and not something which is capable of being thereafter rendered a nuisance by the tenant. . . . The nuisance must be, if I may so term it, a normal one." In other words, or in the language of other cases, the landlord is not liable for the consequences of an accident to a party sustained through a nuisance maintained on demised premises, unless: "1. The nuisance occasioning the injury existed at the time the premises were demised; or, 2. The structure was in such a condition that it would be likely to become a nuisance in the ordinary and reasonable use of the same for the purpose for which it was constructed and let, and the landlord failed to repair it (*Jessen* v. *Sweigert*, 66 Cal. 182, [4 Pac. 1188]; *Rector* v. *Buckhart*, 3 Hill (N. Y.), 193; *Mullen* v. *St. John*, 57 N. Y. 567, [15 Am. Rep. 530]; *Hussey* v. *Ryan*, 64 Md. 426, [54 Am. Rep. 772, 2 Atl. 729]; 11 Cent. Rep. 626; Wood on Nuisances, secs. 295, 676; Wood on Landlord and Tenant, 918); or, 3. The landlord authorized or permitted the act which caused it to become a nuisance occasioning the injury." (*Kalis* v. *Shattuck, supra; Rider* v. *Clark*, 132 Cal. 382, 387, [64 Pac. 564].)

The rule is well stated in the footnotes in volume 92 of the American States Reports, page 524, as follows: "It is not sufficient to render a lessor liable that the premises leased by him are capable of a use which will prove a nuisance to strangers. 'If a landlord demise premises which are not in themselves a nuisance, but may or may not become such, according to the manner in which they are used by the tenant, the landlord will not be liable for a nuisance created on the premises by the tenant. He is not responsible for enabling the tenant to commit a nuisance if the latter should think proper to do so. (Citing *Owings* v. *Junes*, 9 Md. 108; *Rich* v. *Basterfield*, 4 Com. B. 805, 56

Eng. Com. L. 782.)    In such a case it may be said, in one sense, that the landlord permitted the tenant to create the nuisance, but not in such a sense as to render him liable.' (*Maenner* v. *Carroll*, 46 Md. 193.)    The landlord will not be liable for the use of the premises in such a way as to do harm merely because there was a manifest possibility of their being used in such a way." (*Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47, [4 Am. St. Rep. 279, 15 N. E. 84].   See, also, *Joyce* v. *Martin*, 15 R. I. 558, [10 Atl. 620]; *Schroeck* v. *Reiss*, 46 App. Div. 502, [61 N. J. Supp. 1054]; *Opper* v. *Hellinger*, 116 App. Div. 261, [101 N. Y. Supp. 616]; *Duffin* v. *Dawson*, 211 Pa. 593, [61 Atl. 76]; *Frischberg* v. *Hurter*, 173 Mass. 122, [52 N. E. 1086].)

The case of *Dammeyer et al.* v. *Voorhis*, 63 Ind. App. 427, [113 N. E. 764], is very similar in its facts to the instant case.    There the action was for damages for personal injuries received by the plaintiff by falling into a cellarway leading from the sidewalk to a basement of a building owned by the defendants (appellants) and under lease by one Stark.    The charge in the complaint was that said owners "negligently failed to provide any guard or light around said opening and that a guard could have been erected to protect pedestrians against injury when said cellar doors were open; that said Stark opened said doors on said night (the night on which the injuries complained of were sustained as above stated) and negligently failed to provide any guard or danger signals, and while so open appellee fell into said opening and down said stairway" and received the injuries for which he sued.    The defendants (owners of the building) demurred to the complaint for want of facts, but the demurrer was overruled and a trial resulted in a verdict for the plaintiff as against the said defendants.    The theory of the action against the owners of the premises was that they were negligent in failing to provide a guard or light around the opening or cellarway when the doors were raised or open.    The appellate court of Indiana reversed the case, holding that the demurrer to the complaint should have been sustained, but it having been overruled, the trial court should have granted the defendants a new trial and thereupon allowed the demurrer.    Among other things, the court, in its opinion, said: "Since it is not contended otherwise than that the cellarway and doors were properly

constructed, were in good condition, and that the walk over the doors was safe when the doors were closed, during all the time appellants owned the building, it cannot be held that the premises constituted a nuisance *per se,* but became so by the act of the tenant in leaving the doors open. Under the facts alleged in the complaint, the question of duty to repair and negligence in failing to repair does not arise, but the only question is as to the duty to guard the opening when open. This duty, we must hold, devolved upon the tenant.''

In *Joyce* v. *Martin, supra,* it is said: ''When property is demised and at the time of the demise is not a nuisance, and becomes so only by the act of the tenant while in his possession, and injury happens during such possession, the owner is not liable.'' (See, also, *Adams* v. *Fletcher,* 17 R. I. 137, [33 Am. St. Rep. 589, 20 Atl. 263]; *Henson* v. *Beckwith,* 20 R. I. 165, [78 Am. St. Rep. 847, 38 L. R. A. 716, 37 Atl. 702].)

[2] The present case must be decided according to the principles established by the above cases, and so examining the averments of the complaint here, the conclusion seems irresistible that the plaintiff has wholly failed to state a cause of action for the relief demanded as against the lessor or owner of the premises in question. Nowhere is it alleged that the doors over the hatchway were not properly constructed or were not in good condition, and, therefore, it is not made to appear that the hatchway was a nuisance *per se.* To the contrary, the complaint itself shows that the hatchway could become a nuisance and hazardous to life and limb only by the manner of its use. In other words, it is clear from the averments of the complaint that, in the ordinary and usual use to which it might be put for the purpose for which it was designed, the hatchway could become a nuisance and dangerous to customers of the tenants or other persons entering their establishment only by the negligent manner in which it might be used by the tenants. It follows that the owner of the premises owed no duty to the plaintiff with respect to the hatchway. If by its negligent use the plaintiff was injured, the tenants in possession of the property at the time the injuries were received were solely to blame and culpable for, the hatchway in and of itself not being a nuisance, the duty was cast upon them to

so use it as that no one invited by them to enter in and upon the premises to transact business with them was injured thereby.

Of course, as the cases above referred to plainly point out, if, at the time the lease was made, and the tenants entered into the possession and occupancy of the premises, the hatchway was so defectively constructed that the reasonable, ordinary and expected use thereof must result in a nuisance, the landlord is chargeable with the consequences of any accident to person or property occasioned thereby. But, as we have shown, the complaint makes out no such case.

The conclusion thus arrived at is decisive of this appeal, hence it is not necessary to notice the point made by the respondent that the complaint disclosed on the part of the plaintiff contributory negligence, which proximately caused the injuries of which he complains.

The judgment is affirmed.

Burnett, J., and Nicol, P. J., *pro tem.,* concurred.