[Civ. No. 7095. Second Appellate District, Division Two.—June 9, 1932.]

THE CITY OF LOS ANGELES (a Municipal Corporation), Appellant, v. STAR SAND & GRAVEL COMPANY (a Corporation) et al., Defendants; MATHILDA HAACK, Respondent.

Erwin P. Werner, City Attorney, and Frederick von Schrader, Deputy City Attorney, for Appellant.

Haas & Dunnigan, Walter F. Haas, H. C. Johnston and Gerald E. Kerrin for Respondent.

FRICKE, J., pro tem.—Appellant brought this action against respondent and the Star Sand & Gravel Company for damages caused its San Fernando road bridge by flood

waters in the Big Tujunga wash crossed by said bridge. It appears that respondent owned lands adjacent to the bridge and that the Star Sand & Gravel Company was engaged in removing sand, rock and gravel from the bed of the wash under some arrangement, the nature of which does not appear, with respondent's lessees, whose lease was made for the sole purpose of removing rock, sand and gravel from the wash. The court found that it was not true that the respondent at the time of the execution of the lease had any knowledge that the premises would be used so as to create a nuisance or cause probable injury to the bridge, that respondent had no knowledge or notice that the premises were being so used and that the premises could have been used for the purposes of the lease without creating a nuisance or endangering the bridge. It was also found that the bridge was damaged as a result of the negligent removal of sand, rock and gravel from the wash, which removal caused the volume of water usually and ordinarily flowing in said wash during the seasonal rainfall to undermine and destroy the bridge.

The sole point presented on this appeal, as stated in appellant's brief, is "on the question of the liability of the owner of premises in making a lease agreement of such a character, which lease contemplates the creation and maintenance of a nuisance which ultimately results in damages to an innocent third party". In so stating its contention appellant entirely overlooks the finding of the trial court "that it was reasonable and feasible for the lessee in said lease named to carry out and perform all of the provisions and conditions of said lease without creating any nuisance or hazard or danger to the bridge or highway referred to in plaintiff's complaint". In view of this finding, and the further finding that it was not true that respondent had knowledge that the premises would be used to create a nuisance or so as to cause probable injury to the bridge, and had no notice that they were being so used, it is apparent that appellant's contention is predicated upon a statement of fact contrary to the findings. In view of the findings the question of law under the findings really is: Is the owner of premises, leased for a purpose which can be attained without the creation of a nuisance and without endangering the property of any third person, liable

for damage resulting from the creation of a nuisance without the knowledge of the lessor and without notice to the lessor that the premises were being so used? Appellant cites no authority which would warrant an answer in the affirmative. The cases cited by respondent conclusively indicate that the question must be answered in the negative. (See *Rider* v. *Clark,* 132 Cal. 382 [64 Pac. 564]; *Kalis* v. *Shattuck,* 69 Cal. 593 [58 Am. Rep. 568, 11 Pac. 346]; *Runyon* v. *Los Angeles,* 40 Cal. App. 385 [180 Pac. 837]; *Peck* v. *Peterson,* 15 Cal. App. 543 [115 Pac. 327].)

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 8, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 8, 1932.