[Civ. No. 4552. Third Appellate District.—July 5, 1932.]

KATHERINE WHITAKER MELOY, Appellant, v. CITY OF SANTA MONICA (a Municipal Corporation), Respondent.

Black, Hammack & Black, Carey McWilliams and John N. Hurtt for Appellant.

Chester L. Coffin, City Attorney, Orlando H. Rhodes, Assistant City Attorney, and Cornelius W. McInerny, Deputy City Attorney, for Respondent.

PRESTON, P. J.—Defendant demurred to plaintiff's amended complaint, the demurrer was sustained; plaintiff refusing to further amend, judgment was rendered for defendant, from which judgment plaintiff appeals.

The amended complaint alleges that for the past twenty years appellant has been and now is the owner and in possession of lot 1, tract 6437, in the city of Los Angeles, containing about sixty acres; that for many years past she has resided in her dwelling situated near the southerly end of the westerly boundary of her said land and has for many years caused, and is now causing, her said property to be cultivated and planted to growing crops; that appellant's property, except for the things hereafter set out, is well situated for residence property, receiving as it does from the ocean constantly prevailing winds from a westerly direction, with an average velocity of ten miles per hour; that her property is located a sufficient distance from the business section of a city so that the noises, dust and crowds incident thereto have been lacking; that on or about August 30, 1926, defendant acquired and became possessed and since then has owned and possessed the 175 acres known as the Clover Field, immediately adjacent to appellant's land on the westerly side thereof, separated therefrom only by Centinella Boulevard; that since it became the owner of said land defendant has executed leases and arrangements with divers persons and associations covering various portions of said Clover Field for the sole and express purpose of furnishing said persons and associations with sites for the establishment of business pursuits pertaining to commercial aviation, which consists in a large part by such persons and associations, in the flying of passengers for hire and giving instructions to students in the art of flying in the immediate neighborhood and vicinity of plaintiff's said premises; that as a direct result of the said use and employment of said property, under the said leases and arrangements, the defendant through its tenants and agents has continuously since it became the owner of the said Clover Field used it and is now using it for flying and operating airplanes and parachutes and other aircraft and has caused its airplanes and other aircraft to continually fly over plaintiff's residence at an elevation of less than 100 feet and by means thereof has created and is creating terrific and unusual noises

in the vicinity of plaintiff's dwelling which are startling in the extreme and wearing upon her nerves, all to her damage in the sum of $50,000; that as a direct result of the use by defendant as aforementioned of said Clover Field great clouds of dust of an impenetrable nature have been at all times since the said acquisition of Clover Field, from dawn to dark, stirred up by defendant upon said field, and by the operation of said aircraft and by the prevailing winds aforesaid have been cast upon the premises of plaintiff; that said dust makes impossible improvements on her property and prevents and retards the growth of foliage and other things growing thereon, and attracts great crowds of people to the vicinity of her premises who scatter refuse thereon, which refuse is by the prevailing wind carried on to plaintiff's said premises; that also as a direct result of said aviation activities and the use of said Clover Field as aforesaid, parachute jumps and forced landings are frequently made by defendant and/or its said agents upon and near plaintiff's property and in consequence have attracted large crowds of people to and upon her said property who trample crops and growing things thereon, all to her further damage in the sum of $100,000; that all of the acts and facts set forth in the complaint were done with the knowledge and connivance of defendant; that plaintiff has frequently requested defendant to abate the said nuisance, but defendant has neglected and refused so to do; that defendant threatens and intends to continue to maintain said nuisance and unless restrained therefrom will continue to so maintain it; that plaintiff has no plain, speedy or adequate remedy at law.

Defendant demurred to the amended complaint on the grounds:

1. That it did not state facts sufficient to constitute a cause of action.

2. That is was uncertain in that it cannot be ascertained whether defendant or its tenants have flown or caused to be flown over plaintiff's premises airplanes or other aircraft, or whether defendant or its tenants created the noises alleged in the complaint or whether defendant or its tenants created or caused the clouds of dust alleged in said complaint; that it cannot be ascertained from said complaint what is the causal connection between the acts of defendant and the

trampling of the property of plaintiff and scattering refuse thereon or the making of parachute jumps or forced landings on plaintiff's property; that it cannot be ascertained wherein plaintiff claims damages in the sum of $150,000, nor that the facts pleaded in said complaint were done with the knowledge or connivance of defendant; that it is ambiguous and uncertain for the same reasons; that there is a defect of parties defendant in that the alleged tenants have not been joined as such.

The main question for determination on this appeal is whether or not the complaint states a cause of action. Section 731 of the Code of Civil Procedure provides in part that an action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance as the same is defined in section 3479 of the Civil Code. This latter section provides that anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property so as to interfere with the comfort and enjoyment of life or property is a nuisance.

The first of the alleged nuisances is that defendant, through its tenants and agents, continually flew their airplanes over plaintiff's dwelling at an elevation of less than 100 feet, thereby producing unusual and terrific noises.

Respondent contends that the landlord is not liable for the acts or conduct of the tenant off of the leased premises and, therefore, if the tenant committed acts that amounted to a nuisance away from the leased premises the landlord would not be liable for the same. We think that this contention is correct, unless the landlord authorized or ratified the acts or conduct of the tenant. (*Keenan* v. *New Hanover County Commrs.*, 167 N. C. 356 [83 S. E. 556].)

While there are allegations in the amended complaint that respondent has used and employed the said Clover Field for commercial aviation, it appears to have done so only through tenants or through associations under arrangements, the nature of which are not disclosed, and there is no allegation that these associations in their use of said property were acting as the agents of respondent. It therefore appears from said complaint that the alleged nuisances were

created either by tenants or by associations which were not agents of respondent.

In *Kalis* v. *Shattuck,* 69 Cal. 593 [58 Am. Rep. 568, 11 Pac. 346, 348], the court quoted with approval the following: "To bring liability home to the owner of real property" says Compton, J., in *Grandy* v. *Jubber,* 5 Best & S. 73, 485, "the nuisance must be one which is in its very essence and nature a nuisance at the time of letting, and not something which is capable of being thereafter rendered a nuisance by the tenant."

■ It is not sufficient to render a lessor liable that premises leased by him are capable of a use which are not in themselves a nuisance. If he demise premises which are not in themselves a nuisance, but may or may not become such, according to the manner in which they are used by the tenant, the landlord will not be liable for a nuisance created on the premises by the tenant. In such a case it may be said, in one sense, that the landlord permitted the tenant to create the nuisance, but not in such a sense as to render him liable. He will not be liable for the use of the premises in such a way as to do harm merely because it was a manifest possibility of their being used in such a way. (*Lucid* v. *Citizens Inv. Co.,* 49 Cal. App. 257 [193 Pac. 161]; *Shellman* v. *Hershey,* 31 Cal. App. 641 [161 Pac. 132].) It does not appear from said complaint that the nuisances therein alleged existed at the time of the letting, nor that the leased premises, at the time of the letting, were in a condition from which their use by the lessee would necessarily result in creating a nuisance.

■ In order to charge the landlord, the nuisance must necessarily result from the ordinary use of the premises by the tenant, or from the purposes for which they were let; and where the ill results flow from the improper or negligent use of the premises by the tenant, or, in other words, where the use of the premises may or may not become a nuisance, according as the tenant exercised reasonable care, or used the premises negligently, the tenant alone is chargeable for the damages arising therefrom. (*Baker* v. *Gates,* 279 Mo. 630 [216 S. W. 775]; *Gilliland* v. *Chicago & A. R. Co.,* 19 Mo. App. 411; 2 Wood, Landlord and Tenant, 2d ed., 1283.)

A landlord is not responsible to other parties for the misconduct or injurious acts of his tenant to whom his estate has been leased for a lawful and proper purpose, when there is no nuisance or illegal structure upon it at the time of the letting. (*Gould* v. *Stafford*, 91 Cal. 146 [27 Pac. 543]; *Kalis* v. *Shattuck, supra.*)

It does not appear from said complaint that the said aircraft could only enter and depart from said Clover Field over the premises of appellant, or that this condition existed at the date of the letting, nor does it appear that but for the negligence of the tenants the clouds of dust and the debris mentioned in said complaint would have been cast upon appellant's premises.

We are of the opinion that the trial court did not err in sustaining the demurrer to the amended complaint and therefore the judgment must be and is affirmed.

Plummer, J., concurred.